LeRoy Warren, Plaintiff-Appellant, *v.* Donald Meeker, d/b/a Meeker Bins, *et al.,* Defendants-Appellees.

(No. 70-108; )

Fifth District—July 10, 1972.

Hanagan, Dousman & Giamanco, of Mt. Vernon, for appellant.

John E. Jacobsen, of Craig & Craig, of Mt. Vernon, and Feirich, Feirich & Green, of Carbondale, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a final order of the Circuit Court of Jefferson County dismissing plaintiff's complaint charging both defendants-appellees with violation of the Structural Work Act. Ill. Rev. Stat., ch. 48, par. 60—69.

The complaint sought recovery for personal injuries occurring when the plaintiff fell from a ladder attached to a grain silo which had been constructed approximately a year and a half before the date of the accident by the defendant, Meeker, on the property of the defendant, Davis, who was a farmer. The plaintiff was an employee of Davis. The complaint alleged that while employed by Davis, the plaintiff was climbing a ladder to make repairs to the electric power supply system, a rung of the ladder gave way and he fell and sustained injuries. It further

alleged that each of the defendants knowingly or wilfully violated the Structural Work Act. The trial court allowed defendants' motion to dismiss.

The sole question on review is whether the factual situation alleged in the complaint states a cause of action for recovery under the Structural Work Act, commonly known as the Scaffolding Act.

The plaintiff contends that since the complaint alleges that the plaintiff was climbing the ladder to make repairs in the electrical power supply system in order to reactivate the "sweeping auger" which was alleged to be part of the silo, then the climbing of the ladder by the plaintiff to make repairs stated a cause of action under the Scaffolding Act.

The title to the Scaffolding Act defines it as "An Act providing for the protection and safety of persons in and about the construction, repairing, alteration, or removing of buildings, bridges, viaducts, and other structures, and to provide for the enforcement thereof."

Section 60, Chapter 48, Illinois Revised Statutes provides:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

■■ In *Claffy v. Chicago Dock Company*, 249 Ill. 210, the Supreme Court stated that, as indicated by its title, the Act was intended to, and it appears, does provide for the protection and safety of persons engaged in the construction, repairing or altering of structures. The courts have uniformly held that a liberal construction of the Structural Work Act *is* necessary to carry out the clear purpose of the legislature. (*Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railway Company*, 22 Ill.2d 305, 175 N.E.2d 785.) Nevertheless, basis for relief must be found in the statute. Section 60 provides that all scaffold, ladders, etc., erected or constructed for use in the erection, repairing, alteration, etc., of a structure, shall be erected and constructed in a safe, suitable and proper manner. It is clear that the silo or bin in question could qualify as a structure within the statute and the ladder would likewise meet the requirements of the Act.

The complaint states that the plaintiff was attempting to repair the electrical hook-up in order to operate the sweeping auger when the

accident happened. Thus plaintiff was not a person engaged in the construction, repair or altering of a building or other structure as required by the Structural Work Act.

We do not believe that the activity in which the plantiff was engaged is an activity described in section 60 or in the definition of the Structural Work Act. Accordingly the complaint fails to state a cause of action under the Structural Work Act.

In view of our decision that the activity of the plaintiff does not come within the purview of the Structural Work Act, we need not consider other issues contained in the briefs.

Judgment affirmed.

JONES and CREBS, JJ., concur.