(No. 45355.

LeROY WARREN, Appellant, v. DONALD MEEKER *et al.*, Appellees.

*Opinion filed September 25, 1973.*

HANAGAN, DOUSMAN & GIAMANCO, of Mt. Vernon, for appellant.

FEIRICH, FEIRICH & GREEN, LTD., of Carbondale, for appellee Donald Meeker.

JOHN E. JACOBSEN and CRAIG & CRAIG, of Mt. Vernon, for appellee Harold Davis.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This action was commenced in the circuit court of Jefferson County based solely upon an alleged violation of the Structural Work Act, more commonly referred to as the Scaffold Act. (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*) The complaint was dismissed upon defendants' motions. The appellate court affirmed, holding that plaintiff's activity did not place him within the purview of the Act (*Warren v. Meeker, 6 Ill. App. 3d 514*), and we granted leave to appeal. The issue presented is whether the complaint was sufficient to state a cause of action under the aforementioned statute.

The complaint in substance alleged that plaintiff, LeRoy Warren, was employed by defendant, Harold Davis, on the date of the accident (February 27, 1969); that located on Davis' property was a grain silo constructed August, 1967, under the control and supervision of Davis and the co-defendant, Donald Meeker, d/b/a Meeker bins (hereinafter Meeker); that the silo was leased from Meeker to Davis; that Davis was in charge of the silo on the date of

the accident; that plaintiff in order to repair a part of the silo known as a "sweeping auger," which was temporarily not functioning "due to a failure in its power supply hookup," ascended a ladder which had been permanently attached to the silo at the time of its construction; that this ladder had been erected, *inter alia,* for use in repair of the silo; that a rung gave way causing him to fall and injure himself; and that the ladder was defectively constructed by defendants, for several enumerated reasons, and continuously maintained by them in violation of the Act. Further, in answer to interrogatories, plaintiff stated that on the date of the alleged accident he was employed as a "farm hand."

The applicable provisions of the Structural Work Act necessary for consideration of this appeal, read as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That all *** ladders *** erected or constructed *** for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed in a safe, suitable and proper manner, *** [so] as to give proper and adequate protection to the life and limb of any person *** engaged thereon, or passing under or by the same ***.

* * *

Sec. 9. Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any *** structure within the provisions of this act, shall comply with all the terms thereof ***.

* * *

For any injury to person or property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; ***." Ill. Rev. Stat. 1969, ch. 48, pars. 60, 69.

Plaintiff argues it was clearly the legislative intent that persons engaged in making repairs, as herein alleged, subsequent to the completion of a structure are entitled to

the protection of the Act. He claims his right to recovery should not be denied merely because of his agricultural occupation. Thus he concludes the appellate court's decision was unduly restrictive. The record does not indicate nor do the briefs filed herein suggest that plaintiff was within the purview of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.1 *et seq.*).

We believe the complaint is insufficient to charge Meeker, the bin owner and lessor, with liability. To establish liability under the Act an owner or other person must have been in charge of the operation which involved the violation from which the injury arises. (*Gannon v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co., 22 Ill.2d 305, 323.*) It is settled that statutory liability will not attach to one who merely furnishes possibly defective equipment which causes an accident. (*Huckabee v. Bell & Howell, Inc., 47 Ill.2d 153, 157-58.*) We have not specifically defined the term "having charge of" or delimited the factors to be considered in its definition and we do not now do so. However, prior decisions may be usefully compared to this case.

In *Kiszkan v. The Texas Co., 22 Ill.2d 326,* the sole issue presented was "whether an owner, [defendant] who is a lessor not in possession of the premises, comes within the terms and provisions of section 9, of the Structural Work Act ***." (22 Ill.2d at 327.) There plaintiff fell from a scaffold which had been erected to repair or construct a smoke stack on the leased premises under an agreement between the lessee and an independent contractor. We affirmed a summary judgment entered in favor of the owner-defendant concluding that there was no evidence that this defendant was in charge of the work. We noted that the defendant, as here, did not retain the right to select the party to perform the operations or make any suggestions concerning the methods to be utilized in such work. Additionally, in the present case there is no averment that Meeker even knew of any repair activity.

Furthermore, it does not appear that Meeker would have the right to stop plaintiff's work if it was being performed in a dangerous manner (*Miller v. DeWitt, 37 Ill.2d 273, 286*), and the lease agreement, while silent as to Meeker's right to repair the bin, specifically provided that Davis is responsible for any damage thereto. (*Cf. Kobus v. Formfit Co., 35 Ill.2d 533.*) As stated in *Larson v. Commonwealth Edison Co., 33 Ill.2d 316, 322*, "an owner must have some direct connection with the operations, over and above mere ownership ***."

Plaintiff, however, argues that when a built-in ladder attached to a structure collapses causing injury to one engaged in subsequent repair work, liability under the Act arises against a person in charge at the time of the erection or construction of the ladder even though this person was not in charge of the repair activity. In support of this position plaintiff cites *Juliano v. Oravec, 53 Ill.2d 566, Navlyt v. Kalinich, 53 Ill.2d 137*, and *Pantaleo v. Gamm, 106 Ill. App. 2d 116*. We have examined these cases and others which arguably might support plaintiff's contention (*e.g., Walsh v. Dream Builders, Inc. 129 Ill. App. 2d 280; Lawler v. Pepper Construction Co., 33 Ill. App. 2d 188*), and find them to be factually inapposite. In each, the party against whom liability was asserted participated to some extent in an ongoing activity protected by the Act. In the present case no facts are alleged to demonstrate a similar participation by Meeker nor does the complaint even charge that plaintiff's repair activity was necessitated by or in any manner related to a defect in the original construction of the storage bin. On the basis of these pleadings the trial court properly dismissed Meeker, for the complaint failed to establish the requisite direct connection of Meeker with plaintiff's repair effort.

Davis argues that plaintiff is not covered by the Structural Work Act, which Davis asserts is applicable "to contractors, sub-contractors, owners who are in charge of construction work and not to farmers and farm hands." He

overlooks the plain language of section 1 of the Act which extends protection to "any person" engaged on a ladder while repairing a structure. In view of this and the liberal construction to be given to the Act (see *Crafton v. Knight & Associates, 46 Ill.2d 533, 536*), we believe plaintiff is within that group which is to be afforded protection.

Davis further contends that the grain bin was personal property and injuries sustained in the repair of personal property are not covered by the Act. His assertion as to the nature of the property is predicated on the lease agreement with Meeker which described the bin as personalty and allowed Meeker the right to remove the bin upon breach of said agreement even if it had been installed on or attached to the realty. Because section 1 of the Act would appear to enumerate only structures that are real property, he concludes that plaintiff has failed to state a cause of action.

To support this contention he cites *Juenger v. Bucyrus-Erie Co. (E.D. Ill. 1968), 286 F. Supp. 286.* There the Federal district court held that a huge stripping shovel upon which plaintiff was working was not a structure within the meaning of section 1 of the Act, for the machine was a movable item of personal property and not fixed to the real estate as the other structures specifically enumerated in section 1. We need not consider the validity of the rationale in *Juenger* for we find from the description contained in the complaint that the general characteristic of the grain bin is sufficiently akin to the structures specifically identified in section 1. Moreover, the appellate court in the present case held the bin to be a "structure" (6 Ill. App. 3d at 515), and Davis advances no compelling argument which would require further consideration of his contention.

Finally, Davis argues the complaint is deficient for it alleges only that he was in charge of the bin on the date of the injury. Davis maintains that the present complaint does not allege that he was in charge of the work, and that no

sufficient facts are contained therein to support this requirement. In *Van Dekerkhov v. City of Herrin, 51 Ill.2d 374,* we held that the mere allegation that the defendant "had charge of" the work was insufficient to state a cause of action and plaintiff must allege proper facts to demonstrate the basis upon which his claim was founded.

The present complaint, however, alleged that plaintiff was an employee of Davis, that he was so employed on his premises on the date of the accident, and that Davis was in charge of the bin which plaintiff was attempting to repair. We believe these allegations, if subsequently proved, present a factual question from which the trier of fact might conclude that Davis was in charge of the repair activity. We therefore find the complaint as now constituted is sufficient.

Accordingly, the judgment of the appellate court as to Meeker is affirmed. The judgment of the appellate court as to Davis is reversed and the cause is remanded to the circuit court with directions to proceed in accordance with the views herein expressed.

*Affirmed in part; reversed in part and remanded, with directions.*