(No. 46124.—

RAY CARRUTHERS, Appellee, v. B. C. CHRISTOPHER & COMPANY *et al.*, Appellants.

*Opinion filed May 29, 1974.—Rehearing denied June 28, 1974.*

GOLDENHERSH, J., dissenting.

John E. Jacobsen, Terry Black, and Craig & Craig, all of Mt. Vernon, for appellants.

Hanagan, Dousman & Giamanco, of Mt. Vernon, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The plaintiff brought suit in the circuit court of Fayette County under the Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, pars. 60-69) against the defendants, B. C. Christopher & Company and John Shanks. Christopher & Company leased the premises in question and operated a grain elevator thereon; Shanks was the manager of its business. The trial court granted the defendants' motion for summary judgment, and the appellate court reversed, one judge dissenting. (13 Ill. App. 3d 108.) We granted leave to appeal.

The plaintiff's complaint alleged that the defendants were in charge and control of certain structures known as grain elevators and grain bins; that the defendants had charge and control of certain repairs on their premises involving the rotating of several cylindrical grain chutes, and that the plaintiff was injured in a fall from the mechanical support furnished by the defendants.

It appears from the affidavit of the defendant Shanks, and the depositions considered by the trial court in granting summary judgment, that Shanks had determined that several of the cylindrical grain chutes, called "spouts" or "spoutings," were worn at the bottom and were leaking grain. It was the practice to turn these spouts approximately 180 degrees every 2 or 3 years to prolong their use and prevent the grain from leaking. It was a two-man job to turn the spouts.

Shanks previously had told Kenneth Compton that

they needed to have the spouts turned. Compton worked for Okaw Valley Construction Company, as did the plaintiff. Everyone involved understood that Okaw Valley Construction Company was hired to do the repair job in question. Compton acted as supervisor, or foreman, and took the plaintiff to assist with the job.

Both the plaintiff and Compton testified in their depositions that when they arrived to do the repair work neither Shanks nor anyone else connected with the defendant Christopher & Company told them how to do the job. The manner of doing the work was left up to Compton and the plaintiff.

The plaintiff stood at the top of the grain bins. A cap had to be unscrewed to turn the spouts, leaving about a 3-foot opening. There was no guard or railing around the cap, although the worker must stand there to assist in turning the spout. The plaintiff fell from this spot, approximately 37 feet to the ground.

The appellate court believed that a jury could have found that the defendants had sufficient connection with the operation of the work to make them persons in charge within the meaning of the Structural Work Act, and that it also could have found that the parties understood that the defendants were furnishing a part of their permanent building as a scaffold, and the defendants thus had sufficient connection with the operation to be "in charge" within the meaning of the Structural Work Act. We disagree.

It is now fully acknowledged that one is not civilly liable under section 9 of the Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, par. 69) unless he has "charge of" the work in question. In *Gannon v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co.* (1961), 22 Ill.2d 305, 323, we held that an owner is not liable under the Scaffold Act unless he had charge of the particular operation which was a violation of the Act and caused the injury.

In *Warren v. Meeker* (1973), 55 Ill.2d 108, the

plaintiff brought an action under the Structural Work Act. In the complaint he alleged that he was employed by Harold Davis on the date of the accident; that a certain grain silo was located on Davis's property; that Meeker, doing business as Meeker Bins, leased said silo to Davis and it was under the control of Davis. The plaintiff further asserted that in order to repair a part of the silo known as an auger, which was temporarily not functioning, he climbed a ladder which had been permanently attached to the silo and a rung gave way, causing him to fall and thereby injure himself.

The plaintiff contended that it was the intent of the legislature that persons engaged in making repairs on a structure under such circumstances are entitled to the protection of the Act.

In *Meeker,* at page 111, the court stated:

"We believe the complaint is insufficient to charge Meeker, the bin owner and lessor, with liability. To establish liability under the Act an owner or other person must have been in charge of the operation which involved the violation from which the injury arises. (*Gannon v. Chicago, Milwaukee, St. Paul and Pacific Ry. Co.,* 22 Ill.2d 305, 323.) It is settled that statutory liability will not attach to one who merely furnishes possibly defective equipment which causes an accident. (*Huckabee v. Bell & Howell, Inc.,* 47 Ill.2d 153, 157-58.) We have not specifically defined the term 'having charge of' or delimited the factors to be considered in its definition and we do not now do so. However, prior decisions may be usefully compared to this case.

In *Kiszkan v. The Texas Co.,* 22 Ill.2d 326, the *** plaintiff fell from a scaffold which had been erected to repair or construct a smoke stack on the leased premises under an agreement between the lessee and an independent contract-

or. We affirmed a summary judgment entered in favor of the owner-defendant concluding that there was no evidence that this defendant was in charge of the work."

A motion for summary judgment should be granted where there is no genuine issue as to any material fact. The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits and pleadings in the case. (*Allen v. Meyer* (1958), 14 Ill.2d 284, 292; Ill. Rev. Stat. 1973, ch. 110, par. 57.) The facts to be considered by the court are evidentiary facts. (50 Ill.2d R. 191.) Even though a complaint and answer may purport to raise issues of material fact, if such issues are not further supported by evidentiary facts through affidavits or such, summary judgment is then appropriate. (*Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 326.) If the party moving for summary judgment supplies facts which, if not contradicted, would entitle such a party to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact. *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 587; *People ex rel. Sharp v. City of Chicago* (1958), 13 Ill.2d 157, 161.

In *Kaminski v. Missionary Sisters of Sacred Heart* (1965), 62 Ill. App. 2d 216, summary judgment for the defendant under the Structural Work Act was upheld even though the plaintiff's affidavit stated that the defendant in question was "in charge of the work." The court noted that the record was barren of *any facts* supporting that conclusion. In *Van Dekerkhov v. City of Herrin* (1972), 51 Ill.2d 374, this court held that the allegation in a complaint that the defendant "had charge of" the work was not sufficient, for the purpose of a motion to dismiss, to state a cause of action. The court stated that such a pleading was not even an allegation of ultimate fact.

The plaintiff contends that he need not file counter-

affidavits for the purpose of contesting summary judgment. That is true; there is no compulsion other than if the defendants' affidavits are uncontested, the material facts therein must be accepted as true. The plaintiff's unsupported allegations in his complaint that the defendants had charge and control of the work cannot raise issues where the affidavits and depositions considered in support of the motion for summary judgment contained only evidentiary facts to the contrary. *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 587.

The summary judgment entered by the trial court in favor of the defendants was proper. The judgment of the appellate court is thus reversed, and the summary judgment entered by the trial court affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. The affidavit filed in support of the motion for summary judgment failed to comply with Rule 191, which provides that "Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." (50 Ill.2d R. 191.) The affidavit contains the following "factual" statements:

> "7. Neither he nor any other employee, agent or officer of B. C. Christopher and Company gave any directions to the plaintiff or to Kenneth Compton

concerning the performance of the work, gave no orders to them, furnished no equipment to them, exercised no control over the doing of said work and they were not in charge of the work.

8. The persons who were in charge of the work were Okaw Valley Construction Company and its foreman Kenneth Compton.

9. Some time after the work was performed Okaw Valley Construction Company submitted a bill to B. C. Christopher and Company for performing this work in the amount of $708.65 which bill was subsequently paid by B. C. Christopher and Company.

10. Inasmuch as this affiant and B. C. Christopher and Company gave no orders or directions concerning the performance of this work or any aspect of the work, they were not persons in charge of the work and they exercise no control over the work."

These statements are clearly conclusional and argumentative, and are not statements of fact. Nowhere in the affidavit is it stated that the affiant if sworn as a witness can testify to the "facts" contained therein.

The discovery deposition of Johnny Shanks, whose affidavit was filed in support of the motion, shows that the plaintiff and Kenneth Compton, employees of Okaw Valley Construction, were sent to defendant's premises for the purpose of turning the spouts on defendant's grain bins. There was no written order or agreement covering the work to be done, but the objective was to turn the spouts approximately 180 degrees to stop leakage of the grain stored in the bins. As Shanks put it, "They were worn out. You turn them over, put the hole on top, and that keeps them from grain leaking out on the ground."

The effect of the majority opinion is to hold that because the defendant did not supervise the work, it could not, as required by the Structural Work Act, be a person "having charge" thereof. This is clearly contrary to our prior holdings. In *Larson v. Commonwealth Edison Co.*, 33 Ill.2d 316, at 321, the court said: "While it may be conceded that some of the decisions in this jurisdiction

involving the Scaffold Act appear to have equated 'having charge' with 'supervision and control' in varying degrees, it is our opinion the language of the statute, and the legislative intent it reflects, do not permit the conclusion that the terms are the inflexible and unbending legal equivalent of the other. The term 'having charge of' is a generic term of broad import, and although it may include supervision and control, it is not confined to it. As was said of the word 'charge' in *People v. Gould,* 345 Ill. 288, 323: 'The word does not necessarily include custody, control or restraint, and its meaning must be determined by the associations and circumstances surrounding its use. "To have charge of" does not necessarily imply more than to care for or to have the care of.' Thus, while the actual exercise of supervision and control over the work and the persons doing it, or the retention of the right to so supervise and control, may be factors bearing on the ultimate factual question of whether an owner is 'in charge,' they are not necessary or conclusive factors, nor is either made a *sine qua non* for liability under the statute. Rather, consistent with its beneficient purpose of preventing injury to persons employed in the extra-hazardous occupation of structural work, the thrust of the statute is not confined to those who perform, or supervise, or control, or who retain the right to supervise and control, the actual work from which the injury arises, but, to insure maximum protection, is made to extend to owners and others who have charge of the erection or alteration of any building or structure."

In *Miller v. DeWitt,* 37 Ill.2d 273, defendant architects, not concerned with overseeing or inspecting the work involved, were held liable for the reason that they had the right to stop the work. In this case, no mention is made whether defendant had the right to stop the work and certainly no one would question an owner's legal right to terminate, for cause, the work being done, at any time.

In *Fooden v. Board of Governors,* 48 Ill.2d 580, and

*Barnes v. Washington,* 56 Ill.2d 22, this court has adopted a concept concerning summary judgment which is contrary to the intent of the statute and the purpose which its enactment was intended to achieve. The majority, in effect, would hold that in response to a motion for summary judgment the party against whom the motion is directed must introduce, by affidavit, his entire case. This is clearly not the law. Counteraffidavits are required only if the affidavits filed in support of the motion, if uncontravened, would entitle the movant to judgment. Assuming defendant's affidavit met the requirement of Rule 191, which it does not, plaintiff would be required to file a counteraffidavit only if the motion and supporting affidavit precluded any possibility that defendant was a person "having charge" of the work.

In *Warren v. Meeker,* 55 Ill.2d 108, this court said: "We have not specifically defined the term 'having charge of' or delimited the factors to be considered in its definition and we do not now do so." (55 Ill.2d 108, at 111.) It is difficult for me to perceive how, when we have under consideration a statutory term admittedly not specifically defined, the majority can hold that on this record the movant's affidavit and the discovery depositions preclude any possibility that the defendant had charge of the work. I would affirm the judgment of the appellate court.