MERLIN BORN, JR., Plaintiff-Appellant, *v.* JOHN J. MALLOY, Defendant-Appellee.

Fourth District   No. 14860

Opinion filed September 22, 1978.

Philip C. Zimmerly and Paul E. Selin, both of Champaign, for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Once again we are confronted with the problem of determining whether facts presented are sufficient to raise a factual question as to whether a person, here an owner, was "in charge of" the construction of a building within the meaning of section 9 of the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 69).

Section 9 requires "[a]ny owner, contractor, sub-contractor, foreman or other person having charge of the erection, * * * of any building, * * *" to comply with that Act and makes such persons liable to anyone injured thereby for any "wilful violation" of the Act upon their part. Plaintiff Merlin Born, Jr., brought a suit under section 9 in the circuit court of Macon County against defendant John J. Malloy, Inc., seeking to recover for personal injuries. Upon defendant's motion, the trial court granted summary judgment in favor of defendant and against plaintiff on the grounds that the affidavits and deposition on file failed to set forth evidence sufficient to raise a factual question as to whether defendant was a person "having charge of" the work from which the injury arose. Plaintiff appeals.

Plaintiff's amended complaint alleged that he was injured while working as an employee of Leonard Schwab in the construction of a building for defendant. That complaint stated the injury occurred when a scaffolding failed and charged defendant with failure to properly place or operate that scaffold. Defendant was described as being a contractor "in charge of the work" and Schwab as being a subcontractor. However, whether defendant was stated to be a contractor or owner is not material here because the motion upon which the summary judgment was granted raised only the issue of whether he was "in charge of" the work.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(3)) provides for the entry of summary judgment when the "pleadings, depositions, and admissions on file, together with the affidavits, if any," show that a party is entitled to judgment because there is no question of fact presented on a controlling issue or issues and the issue or issues must be decided as a matter of law in favor of a party. Here, the affidavits presented by the defendant in support of his motion and the discovery deposition of the defendant filed by the plaintiff together presented a curious situation. Defendant was a developer and builder of houses for sale to the public. Plaintiff's injury occurred during the construction of one of these houses. Defendant was a part owner of the tract but had an arrangement with the other owners whereby they did not participate in the building of houses thereon but upon the sale of a house and lot, they would receive a portion of the sales price representing their interest in the land sold with defendant receiving the larger portion which represented both his contribution of the land and his development of the property. Defendant did not hire a general contractor to build the house but did portions of the work himself with a crew he hired and also contracted with others to perform other portions of the work. For several years Schwab had spent most of his time doing concrete and foundation work for defendant in this manner, being paid on a per foot basis pursuant to an oral contract that had been in force for some time with the per foot rate being changed from time to time.

Because the designs used by defendant to build the houses were few in number, Schwab was familiar with each and defendant needed only to tell him which one to use. Apparently that procedure was followed on the job in question. As no written contract existed between defendant and Schwab, their relationship had developed largely by custom. Both denied that defendant had any authority to tell Schwab who he should hire, how the work should be done or what safety procedures to use and both swore that defendant had not attempted to do so. Defendant denied that he inspected Schwab's work other than to drive past to see how much he had done. Defendant testified that he did not furnish equipment for Schwab but in the instant situation he had purchased the apparatus which

allegedly constituted the scaffold from a St. Louis firm and then sold it on a time payment basis to Schwab.

Although the supreme court in *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 323, 211 N.E.2d 247, 252, stated, "The term 'having charge of' is one of common usage and understanding, and it is our opinion that further attempt at definition can only lead to confusion and error," the courts of this state have struggled with its application. Recently, the supreme court decided *McGovern v. Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134, giving the phrase a relatively narrow application, and then construed it more broadly in *Emberton v. State Farm Mutual Automobile Insurance Co.* (1978), 71 Ill. 2d 111, 373 N.E.2d 1348. In *McGovern* the court ruled the evidence insufficient to support a determination that an architectural firm was "in charge of" certain construction although that firm was empowered to and did regularly inspect the work to see if it conformed to the contract and had the power to stop the work if the contract was being violated but had no power to stop the work merely because it was being conducted in an unsafe manner. In *Emberton*, although not expressly overruling *McGovern*, the court held that a question of fact existed as to whether an owner and its independent architect were "in charge of work" when members of the planning department of the owner had drawn plans, made frequent inspection trips to the site and often ordered the independent architect to require various changes in the work and the independent architects merely had power to stop the work to ensure that it complied with the contract.

The *Emberton* opinion reviewed the history of the application of the phrase and concluded that in order for a person to be "in charge of" work, it was not necessary that he have supervision or control but that proof of supervision or control was one way to raise a factual question on that issue. The opinion called attention to *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785, where the court had stated that in order to bring an owner within the phrase, a showing must be made that he did more than merely hire a contractor. The opinion also referred to *Larson* where the court had stated that the additional showing required was that the owner had some " 'direct connection' " with the work. *Emberton*, 71 Ill. 2d 111, 119, 373 N.E.2d 1348, 1351.

In at least two cases in addition to *McGovern*, the supreme court has ruled as a matter of law that a party is not "in charge of" work. In *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54, an employee of the lessee of a silo was injured when the rungs of a ladder he was using to climb into the silo gave way. According to the complaint, the ladder was erected for use in repairing the silo. The owner did not retain any right under the

lease to repair the property and no allegation was made that the owner had the right to stop the plaintiff's work if it were being done dangerously. The complaint was ruled not to set forth grounds upon which the owner could be found to be "in charge of" the work.

In *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457, the plaintiff was injured while repairing a spout on a grain elevator when a permanent ladder attached to a silo gave way. Plaintiff was an employee of a contractor who had contracted to repair the spout. The trial court granted summary judgment for the two defendants, the lessee who operated the elevator and its manager. Affidavits on file indicated that neither the manager nor other agents of the lessee had told plaintiff or his employer how their work was to be performed. The supreme court concluded that the evidence was insufficient to present a question of fact as to whether the defendants were "in charge of" the work and reversed the appellate court and affirmed the trial court's entry of summary judgment.

In general, however, the supreme court has indicated a policy of giving considerable leeway to the trier of fact in determining whether a person is "in charge of" work. (See *Gannon* and *Kobus v. Formfit Co.* (1966), 35 Ill. 2d 533, 221 N.E.2d 633.) Close reading of the foregoing cases together with *Emberton* indicates that the leeway of the trier of fact extends not only to determining what the underlying facts are with respect to the relationship between and activities of the various persons involved in the erection of a structure but also as to whether those relationships and activities place a person "in charge of" that work.

As in *Warren* and *Carruthers*, there was no direct evidence here that the defendant exercised supervision or control over the employer of the plaintiff. A trier of fact could conclude from the evidence that defendant was not "in charge of" the work. Nevertheless, the facts do not otherwise fit the pattern of *Warren, Carruthers* and, to the extent it is still viable, *McGovern* where defendants were ruled to be entitled to judgment as a matter of law. The evidence here shows a long-standing informal arrangement between defendant and Schwab during which time Schwab devoted almost all of his efforts to defendant's projects. In these endeavors, defendant hired no general contractor and was thus required to coordinate the work of the various contractors himself. From this arrangement, a trier of fact could infer that defendant had an element of control over Schwab and his work. Furthermore, from these factors and because defendant performed some of the work on these projects himself, the trier of fact could also infer that defendant had a sufficient "direct connection" with the work to make him "in charge" thereof.

*Emberton* which had just been decided at the time of the entry of judgment here indicated a broader application of the phrase "in charge

of." Although the question is a close one, we determine that the evidence shown here indicated a question of fact as to whether defendant was "in charge of" the work. Accordingly, we reverse the summary judgment entered and remand for further proceedings.

Reversed and remanded.

CRAVEN and TRAPP, JJ., concur.