THE ROSCOE COMPANY, Plaintiff-Appellee, *v.* LEWIS UNIVERSITY, COLLEGE OF LAW, Defendant and Third-Party Plaintiff-Appellant.—(CANEL MANAGEMENT AND DEVELOPMENT COMPANY, Third-Party Defendant-Appellee.)

First District (4th Division) No. 79-640

Opinion filed December 27, 1979.

Wylie and Mulherin, of Chicago (Francis X. Riley, of counsel), for appellant.

Robert D. Allison and Arnold M. Flamm, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendant and third-party plaintiff, Lewis University School of Law (Lewis), appeals from orders entered by the circuit court of Cook County (1) granting summary judgment against Lewis and in favor of the plaintiff, Roscoe Company (Roscoe), (2) sustaining the motion of the third-party defendant, Canel Management and Development Company (Canel), to strike Lewis' third-party complaint, and (3) denying Lewis leave to file an amended third-party complaint.

On appeal, Lewis argues it was error for the trial court to enter summary judgment in favor of Roscoe because issues of material fact existed and that it was an abuse of discretion to deny it leave to file an amended third-party complaint. Canel has not filed an appellate brief.

The complaint alleges Roscoe and Lewis entered into four written contracts which required Roscoe to provide uniforms to Lewis' service personnel for two years. The contracts were terminated by Canel after approximately one year. Liquidated damages computed as "50 percent of the weekly charge multiplied by the number of weeks remaining in the agreement," are asserted to amount to $2,468.20.

Lewis' answer to the complaint denied that it was a party to any written contracts with Roscoe. It alleged that the contracts were signed by an "employee of the agent of the defendant," that the employee had no authority to sign the service contracts, and that Roscoe was fully aware of that lack of authority.

Roscoe filed a motion for summary judgment, alleging that Lewis' sole defense is that the contracts were signed by Donald Boyd, an employee of Lewis' agent, Canel, who was not authorized to commit Lewis to such an agreement. Roscoe argued that Boyd had either actual or apparent authority to enter the contracts on Lewis' behalf or, alternatively, that Lewis is bound because it subsequently ratified the contracts by paying Roscoe's bills.

In support of its motion, Roscoe attached the four service contracts between itself and Lewis, Lewis' agency contract with Canel, Lewis' answers to Roscoe's request to admit, and the affidavit of Roscoe's credit manager setting forth the calculations which produced the amount of the damage claim and also explaining that the measure of damages was based on both startup costs and lost profits.

The Lewis/Canel agency contract is titled "Management and Development Agreement." It refers to Canel as "Agent" for Lewis and states that Lewis is employing Canel as "the sole and exclusive managing agent and development agent of [the Lewis physical plant]." Lewis agreed to give Canel "all rights to contract on behalf of [Lewis] for the purchase of any items necessary or incidental to [Canel] performing its duties." Additionally, the contract provides that Lewis "gives [Canel] all expressed and implied authority [Canel] will require that is incidental to and necessary for [Canel] to have in maintaining the [Lewis property]."

In its answer to Roscoe's request to admit, Lewis admits that Canel had a contract to operate the physical plant; admits that Lewis paid for the services rendered by Roscoe; and admits that Canel, through its officers, terminated the Roscoe contracts before their expiration dates.

In response to Roscoe's motion for summary judgment, Lewis argued Boyd was not authorized to sign any contract, rather than just the Roscoe contracts. Lewis submitted the affidavit of Dale Galassie, assistant to the vice president of business at Lewis, which stated Canel was employed by Lewis to operate the physical plant; that Michael Flynn, the Canel officer on campus, was assisted by Boyd; that Boyd was the employee who ran the daily affairs of the office; and that Boyd's duties involved the immediate direction of the daily work. The affidavit also stated Galassie knew Boyd "had no authority to commit Canel or the University to any third party obligations," and that he "knows of his own knowledge that Boyd had no authority, delegated or apparent, to enter into contracts on behalf of Lewis * * *."

The vice president of Canel, Michael J. Flynn, stated in a deposition that he handled all purchasing and all contractual matters and that all authorizations for expenditures from the budget had to carry his signature.

Lewis' argument on appeal is that the trial court erred in granting summary judgment in favor of Roscoe because there existed issues of material fact. Lewis identified the issue formed by the pleadings as whether Boyd, an employee of the corporate agent, had authority to execute a written contract binding Lewis.

■■ ■ Lewis does not dispute Canel's ability to enter into the service contracts. Nor does Lewis question the right of Canel to hire Boyd as a subagent. (See Restatement (Second) of Agency §5 (1958).) The record supports the conclusion that Canel appointed Boyd as its subagent to perform functions undertaken by Canel for Lewis: Lewis' vice-president, Galassie, stated in his affidavit that Boyd was the employee who ran the daily affairs of the office at Lewis and that Boyd's duties involved the immediate direction of the daily work. The subagent has the same power to bind the principal as does the agent. (Restatement (Second) of Agency §142, comment b (1958); *Sorg v. Crandall* (1908), 233 Ill. 79, 84 N.E. 181.)

Therefore, Boyd had the same power to bind Lewis as did Canel. Galassie's statement that Boyd had no actual authority to commit Lewis to a contract is of no legal significance. Canel had the actual authority to enter into the service contracts, and Canel also had the authority to appoint subagents and in fact did appoint Boyd as its subagent. Therefore, Boyd's execution of the service contracts, which is a function authorized by the agency contract, binds Lewis as the principal.

■■ ■ There are three situations in which the principal may be bound by his agent: First, where the agent was actually authorized to bind the principal; second, where the agent was apparently authorized; or third, where the agent had a power, in the nature of an inherent power, arising from the agency relationship and not dependent upon actual or apparent authority. (See Restatement (Second) of Agency §140 (1958).) The actual authority given Canel and properly transmitted to Boyd binds Lewis under the first of these. The trial court's entry of summary judgment in favor of Roscoe was correct because there is no genuine issue as to any material fact concerning Boyd's actual authority to execute the contracts on behalf of Lewis. *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; Ill. Rev. Stat. 1975, ch. 110, par. 57.

Lewis also argues the trial court erred in denying it leave to file an amended third-party complaint against Canel.

At the time it answered Roscoe's complaint, Lewis filed a third-party complaint against Canel. The court subsequently granted Canel's motion to strike that complaint. Lewis sought leave to file an amended third-party complaint and tendered a copy of the proposed amended pleading to the court. That motion was denied by the trial judge, apparently without any consideration of the merits of the pleading.

The Civil Practice Act permits amendments of pleadings on "just and reasonable terms" to enable a plaintiff to sustain its claim. (Ill. Rev. Stat. 1975, ch. 110, par. 46(1).) To promote the spirit of the Act, "the power to allow amendments should be freely exercised so that litigants may fully present their alleged cause or causes of action." *Schlossberg v. E. L. Trendel & Associates, Inc.* (1978), 63 Ill. App. 3d 939, 944, 380 N.E.2d 950, 954.

■■ The power of the trial court to allow amendments should have been exercised so as to permit Lewis to file the amended third-party complaint which it had prepared and tendered to the court.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and remanded.

Affirmed in part, reversed in part, and remanded.

LINN and ROMITI, JJ., concur.