MYRNA GOLDEN, Plaintiff-Appellant, v. MARSHALL FIELD & COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—1673

Opinion filed June 17, 1985.

James P. Martin, of Chicago, for appellant.

David F. Holland, of Arthur H. Barton & Associates, of Chicago, for appellee Marshall Field & Co.

Robert S. Soderstrom and Andrew Fylypovych, of McKenna, Storer, Rowe & Farrug, of Chicago, for other appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Myrna Golden, brought a three-count personal injury action in negligence, strict liability and breach of warranty against defendants, Marshall Field & Company, Pennaco Hosiery, Inc., and Givenchy. The trial court granted summary judgment in favor of defendants, and plaintiff appeals. The sole issue presented is whether a material issue of fact existed which precluded the entry of summary judgment.

On February 1, 1979, plaintiff purchased from defendant, Marshall Field & Company, a pair of support pantyhose which were manufactured and distributed by defendants, Pennaco Hosiery, Inc., and Givenchy. She had been purchasing identical pantyhose from the same store for several months. The following morning, she put on the hosiery, and slipped and fell as she was descending the internal, carpeted stairs of her residence. As a result of the fall, plaintiff sustained a serious injury to her right ankle. Her foot had come out of the shoe she was wearing, although the shoe buckle did not unfasten. Plaintiff alleged in her complaint against defendants that she slipped and fell as a result of the "unusual slipperiness" of the pantyhose. Defendant's motion for summary judgment, based on the pleadings and deposition testimony of plaintiff, was granted. Plaintiff contends, on appeal, that an issue of material fact as to the existence of a product defect in the pantyhose was sufficient to preclude the granting of summary judgment.

In considering a motion for summary judgment, the court must consider the pleadings, depositions, affidavits, and admissions submitted by the parties to determine whether a genuine issue as to any material fact remains outstanding. If none exists, then the movant is entitled to judgment. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c); *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) It is axiomatic that the purpose of summary judgment proceedings is not to try an issue of fact, but to determine whether one exists. (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1, 3.) Even though a complaint may purport to raise an issue of material fact, if such issue is not further supported by evidentiary facts, summary judgment is appropriate. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) "If the party moving for summary judgment supplies facts which, if not contradicted, would entitle such a party to a judgment as a matter of

law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact." (57 Ill. 2d 376, 380, 313 N.E.2d 457, 459.) Plaintiff has the affirmative duty, on the defendants' motion for summary judgment, to bring forth all facts and evidence that would satisfy his burden of proving the existence of a cognizable cause of action. *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 382 N.E.2d 36.

Plaintiff contends that the "unusual slipperiness" of the pantyhose she was wearing at the time she sustained her injuries is the basis of her cause of action against the defendant manufacturer and retailer. Plaintiff concedes that slipperiness is a common propensity of the elastic property in pantyhose, but alleges "unusual slipperiness" in the particular pantyhose she was wearing on the date of the occurrence. We find plaintiff's arguments to be without merit. We do not believe that plaintiff's allegation in her complaint, without more, that the pantyhose were "unusually slippery" creates a factual issue. Plaintiff, at her deposition, testified that the pantyhose were "extremely tight," "slippery," "very snug," and that they felt "different." She did not state that they were "unusually slippery." Plaintiff's complaint attempts to create an issue of material fact by alleging "unusual slipperiness." Since plaintiff's allegation is not supported by evidentiary facts, summary judgment is appropriate. *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 431 N.E.2d 48; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

Nor has a material issue of fact been raised by plaintiff on the issue of whether the pantyhose were defective and unreasonably dangerous or whether the defendants were negligent in the design and manufacture of the pantyhose. In *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182, the Illinois Supreme Court addressed this issue in a case factually analogous to the case at bar. There plaintiff was injured when she slipped and fell while wearing shoes which allegedly became slippery when wet. She brought an action in strict liability, negligence and breach of warranty against the defendant seller and manufacturer of the shoes. The court held that the plaintiff must be charged with the knowledge of the common propensity of shoes to become slippery when wet. "The law does not require that common articles such as shoes be accident-proof, or that a manufacturer warn and protect against mishaps in their use." (38 Ill. 2d 209, 212, 230 N.E.2d 182, 185.) Further, *Fanning* required that a plaintiff be required to plead facts which allege the manner in which the product is defective.

■ In the case at bar, our review of the record leads us to conclude that the trial court did not err in granting defendants' motion

for summary judgment. The plaintiff has failed to present facts raising a question about the pantyhose having any quality other than that dictated by its nature and intended function. It is a common propensity of pantyhose to be sheer and slippery. Plaintiff has presented no evidence, other than the conclusion in her complaint that the pantyhose were "unusually slippery," which indicated the manner in which they were defective.

For the reasons stated herein, the judgment of the trial court is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.