ELSIE HOLUB, Plaintiff-Appellee, v. HOLY FAMILY SOCIETY, Defendant-Appellant.

First District (5th Division)   No. 86—2742

Opinion filed December 18, 1987.

Kenneth K. Neumann, of Katz, Kaplan & Associates, of Chicago, for appellant.

Propp & Schultz, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from an order which granted summary judgment in favor of the plaintiff. The defendant raises the following issues on appeal: (1) whether summary judgment was properly granted; and (2) whether, at the hearing on defendant's motion to reconsider the granting of summary judgment, the trial court tried issues of fact rather than determining if issues of fact existed.

We affirm.

The following facts are pertinent to our disposition. In March 1982, plaintiff filed an application with defendant for health insurance coverage. In this application she disclosed the fact that she had a hypertensive condition, yet she denied that she suffered any other preexisting disorder. The policy excluded coverage of loss resulting from preexisting conditions. Preexisting conditions were defined as

> "any condition that was diagnosed or treated by a physician within 24 months prior to the effective date of the coverage or produced symptoms within 12 months prior to the effective date of coverage that would have caused an ordinary prudent person to seek medical diagnosis or treatment."

On March 20, 1982, the comprehensive medical coverage policy was issued to plaintiff subject to an exception rider which excluded coverage of loss related to her hypertension.

On October 4, 1982, plaintiff was admitted to Oak Park Hospital complaining of severe abdominal pain. She was diagnosed as having cancer of the rectosigmoid and a colostomy was performed by Dr. William Ashley. Plaintiff remained hospitalized until October 29, 1982.

On November 15, 1982, plaintiff notified defendant of her claim for expenses incurred as a result of her illness. In processing her claim, defendant reviewed a report made by Dr. William Ashley based upon a medical history he had taken from plaintiff prior to the surgery. Plaintiff, at that time, informed Dr. Ashley that she had been under the care of Dr. Edward Klitenick for hypertension and was seen by him every four months for routine examinations. It was during the course of one of those examinations, on October 27, 1980, that plaintiff mentioned that she had experienced blood in her stool but that it had completely subsided without treatment. Dr. Klitenick then performed a rectal examination. The results of that examination were negative and he assured her that there was nothing wrong. Again, on July 27, 1981, in another routine visit to Dr. Klitenick, plaintiff mentioned that since her first check-up, she had had some loose bowel movements. Dr. Klitenick performed a rectal examination, the results of which were negative, and he assured plaintiff that nothing was wrong. He put plaintiff on a bland diet and prescribed combid spansules. According to Dr. Klitenick, he generally prescribed this medication when a patient complained of intestinal disorders such as having the flu.

Based upon a review of plaintiff's medical history and reports, defendant denied coverage under plaintiff's policy and disclaimed all liability on her claim. Defendant claimed that plaintiff failed to disclose a preexisting condition, of which she was aware, on her application for insurance, thereby inducing defendant to issue a policy without benefit of a full and complete medical history.

On August 18, 1983, plaintiff filed a complaint to recover these expenses. In response, defendant filed an answer and affirmative defense. On February 27, 1986, plaintiff filed a motion for summary judgment supported by the affidavits of herself and Dr. Klitenick. The motion for summary judgment was granted. Defendant filed a motion to reconsider and plaintiff filed a response. After oral argument, defendant's motion was denied. It is from that order which defendant appeals.

OPINION

Plaintiff's complaint sought to recover payment of her medical expenses relating to her surgery for cancer of the rectum pursuant to her policy with defendant. Defendant denied payment on the grounds that plaintiff knowingly and with the intent to defraud defendant failed to disclose to defendant that she had been "treated for previous abdominal disorders" and failed to disclose this "preexisting condition." The issue, therefore, is whether plaintiff knew or should have known, at the time she filed her application for health insurance, that she had any disease of the rectum.

Defendant asserts that because rectal examinations are not ordinarily part of a routine doctor visit for hypertension, a reasonable person might infer that Dr. Klitenick's conduct amounted to treatment. Defendant notes that while the affidavit of Dr. Klitenick, filed in support of plaintiff's motion for summary judgment, indicates that he never "treated or observed" plaintiff for any disease of the rectum, he fails to acknowledge that he prescribed combid spansules and a bland diet. Specifically, in his deposition testimony, Dr. Klitenick stated that he prescribed medications and advised plaintiff to stay on a bland diet in response to her complaint about an intestinal disorder. Defendant asserts that the statement in his affidavit contradicts his deposition testimony and this, by itself, raises factual questions sufficient to defeat plaintiff's motion for summary judgment.

We disagree. Plaintiff's affidavit unequivocally states that she had no knowledge of any such illness. Also, the affidavit of Dr. Klitenick establishes that prior to October of 1982 he had never informed plaintiff that he was treating or observing her for any disease of the rectum. Defendant has offered nothing to contradict these statements. Summary judgment should be granted if there exists no genuine issue as to any material fact. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397.) Issues of fact must be genuine and must be supported by evidentiary facts supporting the position of the opponent of the motion. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) The purported contradiction in Dr. Klitenick's affidavit and deposition testimony is nothing more than an illustration that plaintiff was unaware of any disease. Whether the doctor "treated" her by prescribing a bland diet and combid spansules is not the issue. At no time prior to her application for insurance did Dr. Klitenick inform the plaintiff that he had diagnosed or was treating her for any disease of the rectum. A rectal examination and the prescription of combid spansules and a bland diet do not impute knowledge of the presence of a disease. The issue is, as previously stated,

whether plaintiff knew or should have known that she had any such disease.

■ It has long been the law in this State that an insurance company cannot expect or require an applicant to disclose information concerning her health which is beyond the knowledge of an ordinary layman when she has not been given such information by her doctor. (*Logan v. Allstate Life Insurance Co.* (1974), 19 Ill. App. 3d 656, 312 N.E.2d 416.) Here, plaintiff had told her doctor of a single episode of blood in her stool almost 17 months prior to her application. She received no treatment. Again eight months prior to her application, she reported loose bowel movements to her doctor. On each occasion Dr. Klitenick performed a rectal examination, the results of which were negative. He told her that she had nothing to worry about. In response to her complaint of loose bowel movements he prescribed a bland diet and combid spansules. In the opinion of Dr. Klitenick, he was not treating or observing plaintiff for a disease of the colon or rectum in 1980 or 1981. As such, it cannot be said that she had knowledge of any preexisting condition.

■ In support of the motion for reconsideration defendant submitted the affidavit of Dr. Gerald Atlas wherein he stated that he had treated many bowel disorders of the type suffered by plaintiff; that the blood in plaintiff's stool and her "chronic" loose bowel movements could constitute a disease of the intestines and other internal organs; and that the prescription of a bland diet and combid spansules in July of 1981 by Dr. Klitenick constituted a medical treatment of such a disorder. Defendant asserts that the Atlas affidavit directly contradicts the affidavit submitted by Dr. Klitenick. Defendant therefore concludes that a material issue of fact exists as to whether plaintiff was aware of the symptoms of the condition for which she ultimately received treatment.

Defendant's argument is illogical. Dr. Atlas cannot testify as to whether plaintiff reasonably relied upon the assurances of her doctor that she was in good health. Whether Dr. Klitenick misdiagnosed plaintiff's condition is not at issue. Consequently, Dr. Atlas' affidavit is wholly irrelevant.

Based on the foregoing we affirm the trial court's granting of summary judgment in favor of plaintiff.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.