KEVIN WINTER *et al.*, Plaintiffs-Appellees, v. HENRY SERVICE COMPANY, Defendant-Appellant (Mayrath Industries, Inc., Defendant).

Third District    No. 3—89—0651

Opinion filed July 13, 1990.

HEIPLE, P.J., dissenting.

John V. Patton, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellant.

Don J. McRae, of Kewanee, of appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Kevin and Debra Winter, brought suit against the defendants, Henry Service Company (Henry) and Mayrath Industries, Inc. (Mayrath), seeking to recover damages for personal injuries Kevin suffered when his hand became caught in a Mayrath bottom drive auger. The trial court denied the defendants' subsequent motion to join Kevin's father, Wilhelm Winter, as a third-party defendant. A jury found Henry 25% liable for Kevin's injury. Henry appeals the trial court's denial of its motion to join Wilhelm.

The record reveals that Kevin lost his right hand on October 30, 1979, when it became entangled in the intake end of a bottom drive auger he and Wilhelm were using to unload corn. The auger had been manufactured by Mayrath, and Wilhelm had purchased it in September of 1976 from Henry. Kevin, Wilhelm, and Kevin's brother, Rod-

ney, each testified that the auger was delivered by Henry without a screen or guard over the intake end. It was then used by the Winters without a screen or guard until Kevin's injury.

The plaintiffs brought suit against the defendants on July 24, 1981. The pretrial depositions of Kevin and Wilhelm were taken on January 26, 1986, and September 29, 1986, respectively. Those depositions indicated that the auger was delivered to Wilhelm by Arlo Morey, a salesman for Henry. According to Kevin's deposition, Wilhelm and Rodney had a conversation with Morey about the lack of a guard over the intake end of the auger, and Morey informed them that no guard was available and one was not needed. Wilhelm in his deposition also noted the conversation with Morey and agreed that Rodney was present during it.

At the start of trial on April 18, 1989, Rodney testified that when he first observed the auger after it was delivered, he thought it was unusual that it did not have a screen over the auger screw at the intake end. He further testified that he knew the purpose of the screen was to keep hands and feet out of the intake end. He therefore advised Wilhelm that a screen guard for the intake end should be procured.

After the first trial ended in a mistrial, the defendants took Rodney's deposition. In his deposition, Rodney reiterated that he had told Wilhelm he should obtain a guard for the intake end. According to Rodney, Wilhelm then talked to Morey about it. Morey told Wilhelm that no guard was needed since it would just plug the auger and it would not feed properly. After being advised of this conversation, Rodney told Wilhelm that he should obtain the intake guard anyway. Thereafter, the auger was used without a guard until the accident.

Roughly two weeks after Rodney's deposition was taken, both defendants filed motions requesting leave to file third-party complaints against Wilhelm for contribution, alleging that he had negligently used the auger without a screen over the intake end. The trial court denied the motions.

At a second trial, which began on July 26, 1989, Wilhelm testified about the conversation he had had with Morey. Wilhelm stated that Morey told him that guards were not available and that he would not want one. On cross-examination, however, Wilhelm admitted that sometime before Kevin's injury he had seen other bottom drive augers with a screen over the intake end. Wilhelm also stated that he had only asked about a screen for the drive shaft above the intake end, not about a screen over the intake end itself.

Arlo Morey testified that he did not recall any conversation with

the Winters concerning a guard or screen over the intake end or the drive shaft of the auger. He stated that subsequent to the delivery of the auger to the Winter farm, but before Kevin's injury, he observed the bottom drive auger with the intake guard in place.

The jury returned a verdict finding that Kevin was 75% at fault and Henry was 25% at fault. It did not find any fault on the part of Mayrath. Under this computation, the plaintiffs received $125,000 in damages.

On appeal, Henry contends that the trial court abused its discretion in refusing to allow it to file a third-party complaint for contribution against Wilhelm. It argues that Rodney's testimony evinced that it had a valid claim against Wilhelm for contribution. Henry characterizes Rodney's testimony as a surprise, contending that it was unanticipated because of the close familial relationship between Rodney and Wilhelm.

Section 2—406(b) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b)) provides that within the time for filing its answer or thereafter by leave of court, the defendant may by third-party complaint bring in as a defendant a nonparty to the action who is or may be liable to it for all or part of the plaintiff's claim against it. Furthermore, section 2—616(a) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a)) provides that any time before final judgment, amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as a plaintiff or defendant.

We note that the power to allow amendment should be freely exercised so that litigants may fully present their alleged cause or causes of action. (*Roscoe Co. v. Lewis University, College of Law* (1979), 79 Ill. App. 3d 1098, 398 N.E.2d 1083.) Despite this liberal policy, however, parties do not have an absolute right to amend their pleadings and the decision of whether to allow an amendment rests within the sound discretion of the trial court, considering the peculiar facts and circumstances of the case and the impact upon all the parties. *Harris v. Algonquin Ready Mix, Inc.* (1973), 13 Ill. App. 3d 559, 300 N.E.2d 824.

In the instant case, Henry first became aware during cross-examination of Rodney at the first trial that Wilhelm may have been advised to obtain a screen for the auger. Rodney's testimony differed in key respects from the deposition testimony of his brother and father and tended to show that Wilhelm had knowledge that screen guards were available and should have been used. After discovering this information, the defendants acted promptly in moving for leave

to file a third-party complaint against Wilhelm. Although Henry's claim alleged a new theory, it ostensibly did not involve any additional evidence or witnesses. Moreover, we note that even though eight years had elapsed since the filing of the suit, nothing in the record indicates that the delay was chargeable to Henry. Under the circumstances, we find that the trial court abused its discretion in denying Henry's motion to file a third-party complaint against Wilhelm for contribution.

Accordingly, while we affirm the jury's verdict, we reverse the trial court's decision denying Henry leave to file its third-party complaint. The cause is remanded for the limited purpose of allowing Henry to proceed against Wilhelm.

The judgment of the circuit court of Henry County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part and remanded.

SCOTT, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

Plaintiffs, Kevin and Debra Winter, filed a complaint on July 24, 1981, against defendants, Henry Service Company (Henry) and Mayrath Industries, Inc. (Mayrath), seeking damages for injuries Kevin suffered when his hand became caught in a bottom drive auger. The subject auger was manufactured by Mayrath and distributed by Henry. On June 23, 1989, following nearly eight years of discovery and a mistrial, defendants filed motions for leave to file a third-party complaint for contribution against Wilhelm Winter, Kevin's father. The trial court denied defendants' motions and the matter proceeded to trial. A jury subsequently found Henry 25% liable for Kevin's injuries. Henry appeals the trial court's denial of its motion to join Wilhelm Winter as a third-party defendant. The majority opinion reverses the trial court's decision denying defendants' motion. I dissent.

Section 2—406 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b)) provides in pertinent part:

"(b) Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her."

Section 2—616(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987,

ch. 110, par. 2—616(a)) further provides, in part, that "[a]t any time before final judgment amendments may be allowed on just and reasonable terms." Although Illinois authority encourages liberal construction of the statute (*Bloom v. Landy* (1979), 72 Ill. App. 3d 383), parties have no absolute right to amend their pleadings. The decision to allow amendments is within the sound discretion of the trial court considering the facts and circumstances of a case and the impact on the parties involved, and such a decision will not be disturbed absent a clear abuse of that discretion. *Ennis v. Illinois State Bank* (1969), 111 Ill. App. 2d 71.

Henry contends that its motion was made in a timely fashion in response to the surprise testimony of Rodney Winter, Kevin's brother. At the first trial in April 1989, Rodney testified that he advised his father, Wilhelm, that he should procure a screen guard for the auger intake screw. This testimony apparently contradicted the testimony of Kevin and Wilhelm, whose depositions had previously been taken, by indicating that Wilhelm knew or should have known a guard was available prior to Kevin's accident and that he failed to obtain same. Rodney's deposition was taken on June 7, 1989, after which time Henry requested leave to join Wilhelm. Henry maintains that it could not have anticipated Rodney's contradictory testimony, especially considering the close family relationship among Kevin, Wilhelm and Rodney, and that it moved to join Wilhelm in a timely manner upon learning of Rodney's story. The majority agrees, reasoning that defendants acted promptly in filing their motions after "discovering" the information revealed in Rodney's deposition testimony, and determining that the trial court abused its discretion in denying Henry's motion.

I do not agree that Henry acted in timely fashion. Depositions of Kevin and Wilhelm were taken in 1986, at which time both men testified that Rodney was present for conversations concerning the auger guard with Arlo Morley, a Henry Service Company representative. More than three years elapsed between the time Rodney was identified as a participant in discussions about obtaining a guard and the first trial. The essential facts regarding Rodney's involvement were available to Henry no later than 1986, yet no effort was made to depose him prior to April 18, 1989. Such inattentiveness on Henry's part cannot be attributed to "surprise" testimony on the date of trial. The trial court did not abuse its discretion in refusing to allow Henry to file its third-party pleading when Henry failed to adequately demonstrate an inability to obtain Rodney's testimony and amend its pleadings at an earlier date. Accordingly, I dissent.