(No. 36294

PAUL KISZKAN, Appellant, *vs.* THE TEXAS COMPANY, Appellee.

*Opinion filed June 14, 1961.*

CHIAPPORI & CHIAPPORI, of Chicago, and DiGRAZIA and SNYDER, of Summit, (ARMAND CHIAPPORI, OSCAR P. CHIAPPORI, and SIDNEY Z. KARASIK, all of Chicago, of counsel,) for appellant.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (DAVID JACKER, and WILLIAM H. SYMMES, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This cause is heard on appeal of plaintiff, Paul Kiszkan, from a judgment of the Appellate Court, affirming the summary judgment entered by the superior court of Cook County in favor of defendant, The Texas Company, and dismissing plaintiff's action against defendant under the Structural Work Act.

The sole issue is whether an owner, who is a lessor not in possession of the premises, comes within the terms and provisions of section 9 of the Structural Work Act, so that liability may be imposed upon it for wilful failure to comply with the act.

The facts appearing from the pleadings and affidavits in support of the summary judgment indicate that plaintiff Paul Kiszkan was injured when he fell from a scaffold located on premises owned by the defendant, The Texas Company, and leased to the Great Lakes Carbon Corporation. The lease provided for a nominal rental of $190 a year and specified that it was executed for the sole purpose of storing and shipping petroleum coke purchased from the lessor. The lease forbade the tenant, Great Lakes Carbon Corporation, from using the property for any other purpose, or to do anything that would interfere with the loading of barges by The Texas Company, or the use of its adjoining property. The lease also authorized the lessee to maintain and repair, at its own expense, improvements and facilities that may be required to carry out the purposes of the lease, but required the lessee to remove any improvements and facilities and to restore the property as it was at the time of entry. The lease also contained an indemnification and hold-harmless provision for the benefit of the lessor.

The lessee, Great Lakes Carbon Corporation, entered

into a contract with an independent contractor to construct or repair a smoke stack on the premises, and in connection therewith the contractor erected a scaffold for the use of its employees, including plaintiff. According to plaintiff's allegations, both the defendant lessor, The Texas Company, and the lessee, the Great Lakes Carbon Corporation, knew or should have known that the scaffolding would be erected in connection with the work. Plaintiff alleges further that defendant violated section 1 of the Structural Work Act (Ill. Rev. Stat. 1959, chap. 48, par. 60,) hereinafter referred to as the Scaffold Act, by wilfully failing to erect, or permitting the erection of the scaffolding without proper protection to the life and limb of plaintiff, who was engaged thereon the performance of his duties, which he executed with due care and caution for his own safety. Plaintiff further alleges that as a proximate result of defendant's wilful conduct, plaintiff fell and sustained certain permanent injuries, for which damages are sought under the civil liability provision of that statute. (Par. 69.)

Defendant, The Texas Company, has denied the allegations of any violation of the statute, and further stated in its affidavit in support of the motion for summary judgment that it was not in charge of the work, was not consulted about it, entered into no contract for it, and had nothing to do with the work.

As hereinbefore noted, the trial court entered summary judgment for defendant, The Texas Company, and the Appellate Court affirmed that judgment. It held that according to the statutory objectives, the term "owner" in section 9 of the Scaffold Act meant the person in possession and control of the premises, who hires or employs the contractor or one responsible for the work, and does not include a mere title holder out of possession; hence, no action would lie against The Texas Company for failure to comply with the act.

On this appeal plaintiff contends that the Appellate Court erred in engrafting this exception to the statute, and that the refinement is neither warranted by the terms of the act nor by the *Kennerly case* (*Kennerly* v. *Shell Oil Co.*, 13 Ill.2d 431), which construed the act. Plaintiff argues, furthermore, that since the tenant operated the premises as an adjunct to the defendant lessor's business, the lessor retained sufficient control of the premises and benefited from the construction activity and should be held liable as an owner under the Scaffold Act.

It is readily apparent that this court is confronted once again, as in the *Gannon case* (*Gannon* v. *Chicago, Milwaukee, St. Paul and Pacific Railway Co.*, ante p. 305, decided this term, with a determination of the nature of the owner's liability under section 9 of the Scaffold Act. (Ill. Rev. Stat. 1959, chap. 48, par. 69.) It would serve no useful purpose to reiterate in this opinion our review of the case law interpreting the act and its legislative history and purpose, all of which are set forth in detail in the *Gannon case*. There we held that the word "owner," just as the other enumerated persons in section 9, was modified by the clause beginning with "having charge of," so that any person having charge of the erection, construction, *etc.*, of any structure within the provisions of the act could not escape liability for wilful failure to comply with the act.

We must agree with plaintiff's contention that neither the act, nor the cases construing it, make a distinction between an owner in possession of the premises and one out of possession, so that this refinement, while in keeping with the statutory purpose, was a gratuitous innovation by the Appellate Court. In our opinion, however, the criterion, according to the plain words of the statute, is not whether the owner is in or out of possession, but whether the owner has charge of the construction, erection, *et cetera,* of the designated structure. This is the standard imposed by the

statute, and it is not confined to common-law concepts.

In the *Gannon case* we concluded that under the circumstances appearing in that record, the question of whether the owner had charge of the work involving the alleged violation was a question of fact for the jury. Under a realistic view of the circumstances in the instant case, it is evident that while the lessee had the responsibility for erecting the particular improvement, since the lease was for a nominal consideration and essentially for the purpose of furthering the operations of the defendant lessor, it could be deemed to be cognizant of the structural activities conducted by the lessee. However, mere knowledge that improvements are being made by the lessee could hardly be deemed to be evidence that the defendant was an owner having charge of the work. Defendant did not enter into a contract for such services, or have any right to select the contractor or even to make any suggestions respecting the operations. Nor are there present any other facts connecting the owner with the work, or comparable in any way to the facts in the *Gannon case*. There the plans for the structure were drafted in the office of the owner's agent, and the owner's representatives made daily inspections of the premises; consequently, we held that under those circumstances, the question of whether the owner had charge of the operations could be deemed a question of fact for the jury. In sharp contrast, there is not a scintilla of evidence that the defendant owner had charge of the construction in the case at bar.

Under these circumstances, the trial court was warranted in entering the summary judgment, and it was properly affirmed by the Appellate Court.

*Judgment affirmed.*