Clarence E. BOTT, Plaintiff-Appellee,

v.

Beryl A. ANDING, Defendant,

and

The Kroger Co., Defendant and Third-Party Plaintiff-Appellant,

and

A. E. Anding, Third-Party Defendant and Appellee.

No. 13373.

United States Court of Appeals Seventh Circuit.

Nov. 29, 1961.

Edwin T. Powers, Jr., Thomas A. Keegan, William E. Collins, Rockford, Ill., for appellant.

John G. Garrity, David M. Burrell, Burrell & Holtan, Freeport, Ill., for appellee Bott.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Clarence E. Bott, brought this action to recover damages under the Illinois Structural Work Act, more commonly known as the "Scaffold Act,"

Chap. 48, §§ 60 and 69, Illinois Revised Stat. 1957. Defendant Beryl A. Anding was the joint owner, with her husband, A. E. Anding, of the real estate on which the alleged violation of the Act occurred. Defendant, The Kroger Co. (hereinafter called "Kroger"), lessee of the real estate involved and the building to be constructed thereon, filed a third party complaint against A. E. Anding. Beryl A. Anding was dismissed on stipulation and is not a party to this appeal.

On September 21, 1956, the date of the alleged injuries, the plaintiff, Mr. Bott, was employed by Mr. Anding as a carpenter and had been so employed for about a week before, during which he and a co-worker, Ed Bourey, had been installing an acoustical ceiling on the premises. They were using a steel scaffold, equipped with wheels or casters, with a make-shift work frame as a platform, which had been furnished by Mr. Anding who had rented it. There was a superintendent, for the entire job, Roger Dyson, who was the employee of Mr. Anding. Mr. Bott and Mr. Bourey assembled the scaffold. Mr. Bott testified that he knew of no defects in it. He also testified that he knew there were uncovered holes in the floor because he had previously helped to frame these openings to accommodate refrigeration outlets. While the scaffold was being moved along the floor by Mr. Bott and Mr. Bourey, one of its wheels or casters rolled into an opening in the floor, tipping the scaffold and throwing Mr. Bott to the floor, whereby he sustained the injuries of which he complains. Mr. Bott received workmen's compensation benefits from Mr. Anding as his employer and brought this suit to recover damages from Mrs. Anding, co-owner of the realty, and Kroger, the lessee under a lease for a term which was to begin when the building under construction had been completed. Kroger began paying rent in November, 1956, some time after the injuries of which Mr. Bott complains.

Kroger's construction and maintenance superintendent, H. G. Rockefeller, testified that he checked electrical outlets and plumbing during construction and installation of fixtures in buildings of which Kroger took possession and checked on their maintenance after possession had been taken by Kroger. Mr. Rockefeller testified further that Kroger had furnished blueprints for electrical work and plumbing to Mr. Anding, that Mr. Rockefeller had nothing to do with the structural construction, but had visited the building site three or four times to check electrical outlets and plumbing for progress reports to Kroger.

Mr. Anding (joint owner of the fee, with Beryl A. Anding, his wife) testified that he was his own general contractor in construction of the building in question, and he employed all sub-contractors used on the job. Mr. H. D. Davis, one of the electrical sub-contractors on the job, testified that he was hired by Mr. Anding. Mr. Anding testified that on the date of the accident, Kroger had no possession, control or supervision of the work other than to see whether their specifications were being followed, and that he did not know whether Kroger had knowledge of the openings in the floor. The blueprints and specifications given by Kroger to Mr. Anding, which were exhibits at the trial, did not concern the structural parts of the building.

The District Court, trying the case without a jury, found that the scaffold was not so placed or operated as to give proper protection to Mr. Bott; that Mr. Bott was himself guilty of contributory negligence; that Mr. Anding was not guilty of such negligence as would have entitled Kroger to recover over from Mr. Anding. The Trial Court also found that Kroger had control over the manner of construction of the building and had wilfully violated the provisions of the Act. Judgment was entered against Kroger and in favor of Mr. Bott in the amount of $15,000. Kroger appealed.

This Court has had occasion to consider the Illinois Scaffold Act (and the effect of the recent opinion of the Illinois Supreme Court in Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railroad

Co., 22 Ill.2d 305, 175 N.E.2d 785) [1] in Appeal No. 13312, Miller v. B. F. Goodrich Co., 7 Cir., 295 F.2d 667, 669, November 2, 1961.

Judge Duffy, speaking for this Court, said in Miller:

"The holding in the Gannon case interprets sec. 69 of the Act as imposing liability upon the owner where he has charge of the work. Gannon states, 22 Ill.2d at page 321, 175 N.E.2d at page 793, 'Wilful violations * * * can be perpetrated only by persons directly connected with the operation, and not by virtue of mere ownership of the premises.'

"The Gannon case is authority for a definition of an owner's liability under the Act which negates any concept of liability merely because an injury occurred on the owner's property."

In the case before us, the evidence established that Mr. Anding, one of the fee simple title holders, and his own general contractor, was in charge of the construction of the building. Kroger was a mere lessee who was not to take possession under its lease, and did not take possession, until after completion of the building, who supplied blueprints and specifications only for electrical outlets and plumbing and not for structural parts of the building. Kroger's agent checked the site on three or four occasions only and then merely to ascertain compliance with these specifications.

After careful study of the record, we do not discern any evidence to support the Trial Court's findings that Kroger, which was neither owner nor contractor, was "in charge of" the work within the meaning of the Act, as interpreted by the Illinois Supreme Court in the Gannon case. We conclude that these findings are clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. The judgment against Kroger is hereby reversed.

1. The District Judge did not have the benefit of the Illinois Supreme Court's Gannon decision, decided after judgment was entered in the instant case.