WILLIE MAE WILSON, Petitioner-Appellee, v. WILLIAM A. WILSON, Respondent-Appellant.

First District (1st Division)   No. 86—1406

Opinion filed August 24, 1987.

Larry S. Kajfes, Ltd., of Chicago, for appellant.

Law Offices of Joseph L. Goldberg, of Chicago (Joseph L. Goldberg, Robert Austin, and Sandra N. Brostoff, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

On May 10, 1985, the petitioner, Willie Mae Wilson, filed suit to recover past-due child support owed by the respondent, her ex-husband, William Wilson. The court entered a summary judgment for the petitioner and ordered the respondent to pay $16,309.29. The respondent appeals.

On September 17, 1970, a judgment of divorce was entered ending the petitioner and the respondent's marriage. Prior to entry of the divorce judgment, the respondent was ordered to pay $25 per week in child support for the couple's minor child, Daryl. At the time the judgment was entered, the respondent was $3,700 in arrears. The divorce judgment ordered the respondent to continue making the $25-per-week payments and to pay an additional $10 per week, to be applied toward the arrearage.

On May 10, 1985, the petitioner brought this action alleging that the respondent was $29,282.77 in arrears in the child support payments. This amount represented the $3,700 arrearage plus child support payable from 1970 through 1979, the year Daryl reached 21, as well as interest on both amounts. The respondent denied that there was any arrearage and claimed that he had made all of the payments

ordered by the court.

After taking the respondent's discovery deposition, the petitioner moved for a summary judgment claiming that the respondent had not produced competent evidence establishing that payment had been made. At a hearing on the petitioner's motion, the court found that the statement in the respondent's affidavit in opposition to summary judgment that he had paid child support totalling $11,750, by itself, was not sufficient evidence. The court entered summary judgment for the petitioner, and the respondent was ordered to pay $16,309.29, representing the original $3,700 arrearage, plus interest accrued thereon in the amount of $4,363.92, and $8,245.37 in child support accrued between 1970 and 1979.

The respondent raises three arguments in this appeal: (1) the petitioner's motion for summary judgment was improperly granted; (2) the court erred in determining the duration of child support; and (3) the court improperly considered the respondent's deposition in granting summary judgment.

■ The respondent claims that because there existed a genuine issue of material fact, the trial court improperly granted summary judgment. We agree. A court may properly enter summary judgment only if, after examination of the pleadings, depositions, affidavits, and admissions on file, it can conclude that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Lundin v. Egyptian Construction Co.* (1975), 29 Ill. App. 3d 1060, 331 N.E.2d 188; *Anderson v. Dorick* (1975), 28 Ill. App. 3d 225, 327 N.E.2d 541; *Fletcher v. Boxx* (1973), 10 Ill. App. 3d 928, 295 N.E.2d 248.) In ruling on a motion for summary judgment, the trial court must construe the pleadings, exhibits, and affidavits presented strictly against the moving party and liberally in favor of the opponent. (*Molloy v. Santucci Construction Co.* (1979), 78 Ill. App. 3d 249, 397 N.E.2d 125; *Lundin v. Egyptian Construction Co.* (1975), 29 Ill. App. 3d 1060, 331 N.E.2d 188.) Where opposing affidavits present a contested issue of fact, summary judgment is improper. 29 Ill. App. 3d 1060, 331 N.E.2d 188.

Here, the petitioner filed an affidavit in support of her motion for summary judgment which stated that since September 17, 1970, she had received only $130 of the court-ordered child support payments. The respondent filed an affidavit in opposition of the petitioner's motion, stating that (1) between September 17, 1970, and June 1, 1976, he made regular child support payments totalling $11,750 and (2) he paid the total amount due under the divorce judgment including the

$3,700 arrearage. Thus, the parties' opposing affidavits clearly presented a contested issue of fact and summary judgment was improper.

■ The petitioner argues that the respondent is precluded from using the statements in his counteraffidavit to avoid summary judgment because they are in conflict with his deposition testimony. We do not agree. Although the petitioner correctly notes that a counteraffidavit may not place in issue material facts that are removed from contention by a party's deliberate and unequivocal admissions under oath (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32), we conclude that this rule is inapplicable in the present case.

The petitioner claims that during his deposition, the respondent unequivocally stated that he did not know the amount of child support payments made, the dates the payments were made, or to whom they were made. The petitioner contends that these statements were contradicted by the statements in the counteraffidavit. That is not the case. The respondent stated in his counteraffidavit that he could no longer recall the dates and circumstances of every payment and that he no longer had all of the payment receipts. He also stated that he made regular payments totalling $11,750, and that he paid all the support due, including the $3,700 arrearage. These statements do not conflict with the respondent's deposition testimony. In both the deposition and the counteraffidavit, the respondent stated that he could not recall when the payments were made. In addition, the respondent was never asked during the deposition for a total of all the payments made and when asked if he had paid the $3,700 arrearage, he indicated that he had. Thus, the statements in the respondent's counteraffidavit did not contradict the deposition testimony, and the question of payment was properly placed in issue.

■ The respondent's second argument concerns the duration of the child support. The respondent contends that the trial court erred in determining that the obligation to pay child support continued until the child reached 21 years of age. The respondent's contention is correct.

In 1970, when the parties' divorce judgment was entered, the age of majority in Illinois was 21 for males and 18 for females. In 1971, the majority statute was amended making 18 the age of majority for both. After this amendment, a number of Illinois courts held that where a pre-1971 divorce decree ordered support to be paid for "minor children" without specifying the age at which the support would terminate, the amendment would not affect a parent's obligation to pay child support until the minor child reached age 21. These cases held that the meaning of the phrase "minor child" in a divorce decree

should be determined by an examination of the majority statute as it existed at the time the divorce decree was entered. Therefore, the courts concluded that in the case of divorce decrees entered prior to 1971, child support for minor children should continue until age 21.

One of the first Illinois cases to hold otherwise was *Munck v. Munck* (1978), 62 Ill. App. 3d 223, 378 N.E.2d 1252. The court in *Munck* noted that in 1975, the United States Supreme Court held that a Utah statute, which provided that the age of majority was 21 for males and 18 for females, violated the equal protection clause of the United States Constitution. *Stanton v. Stanton* (1975), 421 U.S. 7, 43 L. Ed. 2d 688, 95 S. Ct. 1373.

The court in *Munck* held that in light of the fact that different ages of majority for males and females were constitutionally impermissible, an identical age of majority should apply to pre-1971 divorce decrees. The court found that the 1971 amendment to the Illinois majority statute clarified the status of Illinois law and established as a matter of public policy that 18 was the age of majority for both males and females. The court therefore concluded that the identical age of majority under pre-1971 divorce decrees should also be age 18.

Applying the holding in *Munck* to the facts in the present case, we conclude that the respondent's obligation to pay child support continued only until 1976, the year the minor child reached age 18. Thus, the trial court erred in finding that the obligation continued until 1979.

■ The respondent's final argument is that the trial court erred in considering the respondent's deposition in ruling on the motion for summary judgment. The respondent claims that use of the deposition was improper because it was not certified, sealed, or filed with the clerk of the court. This argument is without merit.

Supreme Court Rule 207 sets forth the procedure for signing and filing depositions. (87 Ill. 2d R. 207.) The respondent, relying on *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 486, argues that because these procedures were not followed by the petitioner in the present case, the deposition should not have been considered by the court in ruling on the petitioner's motion.

In *Bezin*, the court held that an unsigned deposition that was never filed or made a part of the record could not be considered by the trial court in rendering a decision on a motion for summary judgment. Thus, the respondent claims that the trial court's reliance on the deposition in entering summary judgment for the petitioner was erroneous.

The respondent's argument disregards Supreme Court Rule

211(d). (87 Ill. 2d R. 211(d).) Rule 211(d) provides that errors and irregularities in the manner in which a deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed, or otherwise dealt with are waived unless a motion to suppress the deposition is made with reasonable promptness or due diligence. In addition, the court in *Bezin* stated that an objection to the use of a deposition filed in support of a motion for summary judgment may be raised in the trial court by motion to strike or otherwise. And, in *Koukoulomatis v. Disco Wheels* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477, the court concluded that because the plaintiff had not made a timely motion to suppress a nonconforming deposition, any errors or irregularities were waived. Thus, the proper place to raise objections to use of a nonconforming deposition is in a motion before the trial court. *Koukoulomatis v. Disco Wheels* (1984), 127 Ill. App. 3d 95, 468 N.E.2d 477; *Bezin v. Ginsburg* (1987), 59 Ill. App. 3d 429, 375 N.E.2d 468; *Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32.) Such objections cannot be raised for the first time on appeal.

In the present case, the respondent was aware that the deposition was being used in support of the petitioner's motion for summary judgment and of the trial judge's statement that he had read most of it. The respondent did not make any objection to use of the deposition, nor did he move to strike or suppress use of the deposition as improper under Supreme Court Rule 207. The respondent therefore waived any errors or irregularities in the use of the deposition, and he cannot now raise them before this court.

However, because we find that the trial court erred in entering summary judgment for the petitioner and in holding that the respondent's obligation to pay child support continued until the parties' minor child reached age 21, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

O'CONNOR and MANNING, JJ., concur.