IDEAL TOOL AND MANUFACTURING COMPANY, Plaintiff-Appellee, v. ONE THREE SIX, INC., formerly known as Shred Pax Corporation, Defendant-Appellant.

First District (2nd Division)   No. 1—96—1471

Opinion filed June 30, 1997.—Rehearing denied July 25, 1997.

Sachnoff & Weaver, Ltd., of Chicago (Arnold A. Pagniucci and Michael D. Richman, of counsel), for appellant.

Bornstein & Blazer, P.C., of Chicago (Ira J. Bornstein and Kirk M. Zapp, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff, Ideal Tool & Manufacturing Company, filed suit against defendant, Shred Pax Corporation, now known as One Three Six, Inc., for breach of contract. The trial court granted plaintiff's motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 1994)) and its motion to suppress depositions and denied defendant's motion to reconsider (735 ILCS 5/2—1203 (West 1994)). Judgment was rendered against defendant in the amount of $397,475. Defendant appeals, contending that the trial court: (1) erred in suppressing depositions; (2) erred in granting plaintiff summary judgment; and (3) erred in awarding plaintiff damages on the full contract price. We reverse and remand.

## FACTS

Defendant manufactures and sells industrial shredding equipment. Plaintiff manufactured component parts for defendant. In a typical situation, defendant would request a quotation for specific goods. Plaintiff would issue a quotation, including the quantity, type, specifications, and price. If defendant accepted the quotation, it would

issue a purchase order confirming the quantity, type, specifications, and price. Upon receipt of defendant's purchase order, plaintiff would issue an internal job order and commence manufacturing. Between August 2, 1993, and October 27, 1993, defendant issued seven purchase orders to plaintiff for the manufacture and delivery of component parts. Relations broke down between the parties, and, ultimately, since defendant refused to pay, plaintiff filed suit seeking the full contract price for each of the seven purchase orders.

During the hearing on summary judgment, the parties and the court referred to certain deposition testimony. The depositions are those of Al Kaczmarek, defendant's founder and engineer, Carol Nolan, defendant's purchasing manager, and Eric Sund, plaintiff's president. Defendant referred to portions of these depositions in its response to the motion for summary judgment but had not filed them with the court. Plaintiff referred to two of the three depositions in its motion for summary judgment but had not filed the depositions with the court either. Plaintiff additionally relied on the affidavit of its president, Eric Sund, in support of its motion for summary judgment.

In reply to defendant's response to motion for summary judgment, plaintiff raised the issue that the transcripts were not filed with the court. At the summary judgment hearing, plaintiff immediately mentioned to the court that defendant had not filed the transcripts. It then continued to argue the merits of its motion. When defense counsel first addressed the court, he stated: "[A]s an initial starting point, I guess the correct place to start is I do have copies of all of the completed original depositions, the copies with me. If your Honor wishes, we will file them with the court. Signature has either been waived or the depositions have been reviewed by all of the parties." The court did not respond to this offer, nor did plaintiff object. Defendant then argued in opposition to the motion, citing the depositions on numerous occasions. During argument, the court cited to and quoted from one of the depositions. After the trial court granted plaintiff's motion for summary judgment, defendant moved to file the transcripts. Plaintiff objected, arguing this was an attempt to supplement the record. The trial court agreed and denied defendant's request to file the transcripts. The next day, defendant filed the transcripts with the clerk of the court.

Defendant then filed a motion for reconsideration. Plaintiff responded by filing a motion to suppress deposition testimony. Both motions were heard at the same time. At the hearing, plaintiff again stated that defendant failed to file the transcripts. Defendant argued that the court had discretion to allow filing even at this phase of the proceedings. The trial court granted plaintiff's motion to suppress and denied defendant's motion for reconsideration.

## ANALYSIS

### A. SUPPRESSION OF DEPOSITION TRANSCRIPTS

■ Section 2—1005 addresses motions for summary judgment and provides:

"The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment sought shall be rendered without delay if the pleadings, depositions, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) 735 ILCS 5/2—1005(c) (West 1994).

■ Supreme Court Rule 207 addresses the filing of depositions and states:

"(1) *** At the request of any party, the officer shall then securely seal the deposition, together with all exhibits, or copies thereof, in an envelope bearing the title and number of the action and marked 'Deposition(s) of (here insert name(s) of deponent(s))' and promptly file it or send it by registered or certified mail to the clerk of the court for filing.

(2) The party causing a deposition to be filed shall promptly serve notice thereof on the other parties." 134 Ill. 2d R. 207(b).

■ To be sure, "the rule allowing the use of deposition testimony in support of a motion for summary judgment contemplates that the deposition relied upon is one which has properly been made a part of the court record" (*Urban v. Village of Inverness*, 176 Ill. App. 3d 1, 6 (1988)), *e.g.*, filed with the court pursuant to Rule 207(b). 735 ILCS 5/2—1005(c) (West 1994); *McCullough v. Gallaher & Speck*, 254 Ill. App. 3d 941, 947 (1993); *Ciochon v. Bellino*, 184 Ill. App. 3d 993, 999 (1989); *Bezin v. Ginsburg*, 59 Ill. App. 3d 429, 436 (1978). If a deposition is not on file, the trial court may, on motion of a party, suppress the deposition and prohibit use of it in support of or in opposition to a motion for summary judgment. *Urban*, 176 Ill. App. 3d at 6-7; *Wilson v. Wilson*, 159 Ill. App. 3d 1091, 1096 (1987).

Notwithstanding the general rule, courts have permitted exceptions and allowed parties to rely on a deposition that was not filed at the time of the summary judgment hearing. One example is where a party fails to object to the violation at the trial court level and raises it for the first time on appeal. See *Urban*, 176 Ill. App. 3d at 6-7; *Wilson*, 159 Ill. App. 3d at 1096. Also, where plaintiff's counsel was present at the depositions, the transcripts were available to him, the transcripts were presented to the trial court, and the trial court considered them in its decision on defendant's motion for summary judgment, the trial court's reliance on the unfiled depositions has

been found proper. *Schumann v. IPCO Hospital Supply Corp.*, 93 Ill. App. 3d 1053, 1055-56 (1981); *Cibis v. Hunt*, 48 Ill. App. 2d 487, 492-93 (1964). Likewise, where both parties had relied on unfiled depositions and requested the trial court to consider them in rendering its decision, no reversible error in the trial court's consideration of the depositions was found. *Fedco Electric Co. v. Stunkel*, 77 Ill. App. 3d 48, 51 (1979). Accord *Adler Business Machines, Inc. v. Babbey Office Machines, Inc.*, 24 Ill. App. 3d 38 (1974) (abstract of op.) (mere fact that depositions referred to in affidavit in support of motion for summary judgment were not on file with clerk of court at time of hearing did not mandate reversal).

In all of the above situations, albeit a violation of the rule, reversal was not mandated pursuant to principles of waiver and/or lack of prejudice.

■ In the instant case, at the time of the summary judgment hearing, plaintiff's reply clearly reflected that the deposition transcripts had not been filed with the court. The trial court, however, did not question the parties about the status of the transcripts. Plaintiff also raised the issue when it addressed the court. The record does not reflect any response by the trial court. After plaintiff argued the merits of its case, defendant presented its argument. The first statement defendant made to the court was: "If your Honor wishes, we will file them [original depositions] with the Court." Contrary to plaintiff's argument, this undoubtedly can be construed as an offer to file the depositions. Again, the record does not reflect a response from the court or any objection from plaintiff. In its argument, defendant repeatedly referred to the depositions without comment from the court or objection from plaintiff's counsel. One could presume from the court's silence and plaintiff's failure to object when defendant initially offered to file the transcripts that defendant would be allowed to file the transcripts at the conclusion of the hearing as a ministerial matter. This presumption would not be unreasonable particularly in light of the fact counsel was permitted to repeatedly rely on the depositions and the trial court itself relied on the depositions during argument and while rendering its decision.

We see no prejudice to plaintiff by permitting defendant to file the transcripts. As in *Schumann* and *Stunkel*, plaintiff's counsel was present at the depositions, the transcripts were available to him, he relied upon the depositions, and he sought the trial court's reliance on the depositions in determining the motion for summary judgment.

This is not to say that the trial court did not have other options. The trial court also could have stated immediately that it was refusing to consider the deposition testimony on behalf of either party.

This would be in accord with section 2—1005 and Rule 207. In that event, both sides could reevaluate their respective positions. If it deemed appropriate, plaintiff could request time to file the deposition transcripts. If the request was denied, plaintiff could withdraw its motion for summary judgment or elect to proceed based on Sund's affidavit alone. Defendant could have made a record on its request to file the transcripts.

At a summary judgment proceeding, the court and the parties should know at the outset what evidence will be considered. The parties are then aware of the court's focus and can limit their arguments accordingly. More importantly, on review, the record will clearly reflect the basis for the trial court's decision and the propriety of summary judgment can be readily determined.

In the instant case, this was not done. The parties relied upon and argued deposition testimony that was subsequently suppressed. In its decision, the trial court too referred to suppressed testimony. Moreover, after a careful review of the record, we are not confident that summary judgment in the amount of $397,475 can be based solely upon the affidavit of Sund, particularly with respect to whether defendant's rejection of certain goods was legally and factually effective.

## CONCLUSION

Based on the foregoing, we reverse the trial court's entry of summary judgment and remand for proceedings not inconsistent with this opinion.

In doing so, we wish to emphasize that we in no way condone the practice of filing motions for summary judgment or responses thereto that rely on unfiled deposition transcripts. Nor do we suggest that when such conduct occurs the trial court should in all instances either continue the matter or allow filing of the transcripts. This is particularly true where, unlike the instant case, one side has complied with the rules. Rather, the focus of this opinion is that whatever course the trial court elects, the decision should be made at the outset so that the parties are aware what evidence will be considered and the record clearly reflects the basis for entry of summary judgment.

Reversed and remanded.

DiVITO, P.J., and TULLY, J., concur.