NO. 4-04-0867

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DR. DELORIS HENRY,    )   Appeal from

Plaintiff-Appellant,    )   Circuit Court of

v.    )   Champaign County

SCOTT ANDERSON, DDS; JEFF WAMPLER;    )   Nos. 02CH287 

NICOLE STORCH; MARK KLAUS; PHIL VAN    )        02CH300

NESS; JAMES BUTLER; DAVE SHOLEM; and   )

THE BOARD OF EDUCATION OF CHAMPAIGN    )   Honorable

COMMUNITY UNIT SCHOOL DISTRICT NO. 4,  )   Michael Q. Jones,

Defendants-Appellees.    )   Judge Presiding.

_________________________________________________________________

JUSTICE APPLETON delivered the opinion of the court:

In these two cases consolidated in the trial court, plaintiff, Dr. Deloris Henry, sued seven members of the board of education of Champaign Community Unit School District No. 4.  She alleged that on October 29 and 30, 2002, they violated section 2a of the Open Meetings Act (Act) (5 ILCS 120/2a (West 2002)) by holding closed meetings without first citing any statutory exception to the requirement of open meetings.  The parties filed cross-motions for summary judgment, and the trial court granted defendants’ motion in both cases.  Plaintiff appeals, arguing that as a matter of law, defendants violated section 2a.

We find no violation in the meeting of October 29.  In the meeting of October 30, however, defendants announced they were closing the meeting to the public to discuss potential litigation.  They never found, however, that the litigation was probable or imminent.  Nor did they state a basis for any such finding.  These omissions violated sections 2a and 2(c)(11) of the Act (5 ILCS 120/2a, 2(c)(11) (West 2002)).  Therefore, we affirm the trial court's judgment in part, reverse it in part, and remand this case for consideration of remedies.  

I. BACKGROUND

In a meeting on October 29, 2002, the school board voted to go into closed session "to discuss an employee matter, specifically the reclassification of employment."  The employee was plaintiff.  

On October 30, 2002, plaintiff filed a complaint in case No. 02-CH-287, alleging that on October 29, defendants had violated section 2a of the Act.  Section 2a provides:

"The vote of each member on the question of holding a meeting closed to the public and 
a citation to the specific exception contained in [s]ection 2 of this Act which authorizes the closing of the meeting to the public shall be publicly disclosed at the time of the vote
 and shall be recorded and entered into the minutes of the meeting."  (Emphasis added.)  5 ILCS 120/2a (West 2002).

According to plaintiff, the reference to "an employee matter" or the "reclassification of employment" was not "a citation to [any] specific exception" in section 2(c) of the Act (5 ILCS 120/2(c) (West 2002)).

On October 30, 2002, the school board convened again, and its president, Scott Anderson, stated:

    "PRESIDENT ANDERSON:  The motion to approve the agenda, which includes employment matters regarding classification of employee, 
potential
 
litigation
, as well as negotiations discussion, all in executive session.  I need a motion.

BOARD MEMBER KLAUS:  So move.

PRESIDENT ANDERSON:  So moved by Mr. Klaus.

BOARD MEMBER VAN NESS:  Second.

RESIDENT ANDERSON:  Second by Mr. Van Ness.  All in favor?

(Those in favor so indicated in the affirmative.)

PRESIDENT ANDERSON:  Opposed?

(No response.)

* * *

PRESIDING OFFICER ANDERSON:  I need a motion to go into executive session for an employment matter regarding a reclassification of employee.

BOARD MEMBER WAMPLER:  So move.

BOARD MEMBER STORCH:  Second.

PRESIDING OFFICER ANDERSON:  As well as a 
contested litigation matter
 as well as negotiations discussions.

BOARD MEMBER WAMPLER:  So move.

BOARD MEMBER STORCH:  Second."  (Emphases added.)

Again, the employee was plaintiff.

On November 12, 2002, plaintiff filed a complaint in case No. 02-CH-300, alleging that defendants had violated section 2a in the October 30 meeting by "failing and refusing to cite to a specific exception and by combining into a singular closed session unrelated matters."

In the hearing on the cross-motions for summary judgment, the trial court reasoned that if the legislature had intended to require a "statutory citation," it would have used those words.  Instead, it required "a citation to the specific exception."  5 ILCS 120/2a (West 2002).  In the court’s view, the words "employee matter" and "reclassification of employment" were a clear citation to the "employment" exception in section 2(c)(1) of the Act (5 ILCS 120/2(c)(1) (West 2002)).  Although an additional citation to the statute itself might have been judicially helpful, to hold it was essential to a valid citation would have "exalt[ed] form over substance."  Because defendants had disclosed the substance of the applicable exception, the court granted their motion for summary judgment.

This appeal followed.

II. ANALYSIS

A. Meeting of October 29, 2002

Section 2(a) sets down two conditions for holding a closed meeting.  The first condition is substantive:  the meeting must fall into one of the 23 exceptions listed in section 2(c) (5 ILCS 120/2(c) (West 2002)).  5 ILCS 120/2(a) (West 2002).  These exceptions "shall be strictly construed against closed meetings."  5 ILCS 120/1(2) (West 2002).  The second condition is procedural:  the public body must close the meeting "in accordance with [section 2a]" (5 ILCS 120/2a (West 2002)).  5 ILCS 120/2(a) (West 2002).  Section 2a requires the public body to vote on whether to close the meeting to the public (the meeting need not be closed, even if it falls into one of the exceptions in section 2(c)).  5 ILCS 120/2a (West 2002).  Section 2a further requires the public body, at the time of the vote, to "cit[e] to the specific exception[,] contained in section 2 of this Act[,] which authorizes the closing of the meeting to the public" and to record that citation in the minutes of the meeting.  5 ILCS 120/2a (West 2002).

Plaintiff argues "there was no 
citation to the [s]tatute
[,] as required by [s]ection 2a[,] prior to a declaration being made that the [b]oard was going into closed session."  (Emphasis added.)  As the trial court correctly observed, however, section 2a does not require a citation to the statute; it requires "a citation to the specific exception contained in" the statute (5 ILCS 120/2a (West 2002)).  To "cite" an exception means to quote it or call attention to it.  See Merriam-Webster’s Collegiate Dictionary 208 (10th ed. 2000).  One of the exceptions in section 2(c) is "[t]he *** employment *** of specific employees of the public body, including hearing testimony on a complaint lodged against an employee to determine its validity."  5 ILCS 120/2(c)(1) (West 2002).  By referring to an "employee matter" and "reclassification of employment," defendants adequately identified the exception in section 2(c)(1).  An additional citation to the statutory subsection might have been helpful but was not required.  Citing the exception was sufficient.  

"It is also notable," plaintiff argues, "that the exception set forth in [section 2(c)(1)] relating to the employment or dismissal of specific employees of the public body permit[s] hearing testimony 
only
 on a disciplinary complaint." (Emphasis added.)  That is not what section 2(c)(1) says.  Rather, it says:  "A public body may hold closed meetings to consider *** [t]he *** employment *** of specific employees of the public body, 
including
 hearing testimony on a complaint lodged against an employee to determine its validity."  (Emphasis added.)  5 ILCS 120/2(c)(1) (West 2002).  "Including" is a nonrestrictive word.  In any event, if plaintiff means to imply that defendants never provided her with a disciplinary complaint, she fails to cite any evidentiary materials in support of that implication.  See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(6), eff. October 1, 2001 ("appropriate reference to the pages of the record on appeal"); 
Carruthers v. B.C. Christopher & Co.
, 57 Ill. 2d 376, 380, 313 N.E.2d 457, 459 (1974) ("if such issues are not further supported by evidentiary facts through affidavits or such, summary judgment is then appropriate").

In our 
de novo 
review (see 
Harrison v. Hardin County Community Unit School District No. 1
, 197 Ill. 2d 466, 470-71, 758 N.E.2d 848, 851 (2001)), we find no violation of the Act in the meeting of October 29, 2002.  We affirm the summary judgment in defendants' favor and the denial of plaintiff's motion for summary judgment as to the October 29 meeting in case No. 02-CH-287.

B. Meeting of October 30, 2002

The same reasoning applies to the meeting of October 30, 2002:  by referring to "an employment matter regarding a reclassification of an employee," defendants clearly invoked the exception in section 2(c)(1).  

In the October 30 meeting, however, defendants violated the Act by invoking an additional exception to the requirement of open meetings without following through with the conditions attached to that exception.  By using the word "litigation," they clearly evinced their intention to invoke the "litigation" exception in section 2(c)(11).  (One must understand "negotiations" to mean "negotiations regarding the litigation.")  Section 2(c)(11) reads as follows:

"Litigation, when an action against, affecting[,] or on behalf of the particular public body has been filed and is pending before a court or administrative tribunal, or when the public body finds that an action is probable or imminent, in which case the basis for the finding shall be recorded and entered into the minutes of the closed meeting."  5 ILCS 120/2(c)(11) (West 2002).

Thus, the "litigation" exception is a forked path.  If the litigation has been filed and is pending, the public body need only announce that in the proposed closed meeting, it will discuss litigation that has been filed and is pending.  If the litigation has not yet been filed, the public body must (1) find that the litigation is probable or imminent and (2) record and enter into the minutes the basis for that finding.  Evidently, the legislature intended to prevent public bodies from using the distant possibility of litigation as a pretext for closing their meetings to the public.

When announcing the agenda of the October 30 meeting, Anderson, the president of the school board, characterized the litigation as merely "potential."  Shortly afterward at the time of the vote on whether to close the meeting to the public, he described the litigation as a "contested litigation matter."  To judge from the transcript of the October 30 meeting, which is attached to the complaint in case No. 02-CH-300, defendants never explicitly found that litigation was probable or imminent, and never expressed any basis for such a finding, before going into closed session.  Arguably, litigation must be filed and pending to be "contested."  But in the phrase "contested litigation matter," it is unclear whether "contested" modifies "litigation" or "matter."  Anderson never disavowed his earlier statement about the potentiality of the litigation.    

Keeping in mind that the exceptions to the requirement of open meetings are to be strictly construed (see 5 ILCS 120/1(2) (West 2002)), we hold that defendants failed to dispel the initial impression that litigation was, as of yet, potential rather than filed and pending.  Strict construction leaves no room for ambiguity in the announcement of exceptions.  Because the school board, through its president, announced to the public that "potential litigation" would be one of the topics of discussion in the closed meeting, the board violated the Act by failing to state, on the record, (1) a finding that litigation was probable or imminent and (2) a basis for such a finding.  See 5 ILCS 120/2(c)(11) (West 2002).  

The school board could have closed the October 30 meeting solely in reliance on the "employment" exception in section 2(c)(1) (5 ILCS 120/2(c)(1) (West 2002)).  But the board also cited the exception for potential litigation.  See 5 ILCS 120/2(c)(11) (West 2002).  It is unclear from the record what this potential litigation was or whether the board even discussed it in the closed meeting.  Case No. 02-CH-287, which plaintiff filed on October 30, 2002, was the only litigation pending as of that date.  As that lawsuit concerned only the board's alleged violation of the Act, it was in no way germane to the question of plaintiff's employment.  As the board failed to announce what litigation was to have been discussed, pending or potential, we are unable to assume that the litigation under discussion by the board was case No. 02-CH-287.  Regardless of whether defendants actually discussed "litigation" in the closed meeting of October 30, 2002, they violated the procedural requirement of section 2a by announcing their intention to discuss an impermissible topic in the closed meeting (
i.e.
, potential litigation concerning which they had not made the requisite findings).

We hold that the trial court erred in entering summary judgment in defendants’ favor on the complaint in case No. 02-CH-300.  Rather, the court should have entered summary judgment in plaintiff’s favor in that case.  See 
Arangold Corp. v. Zehnder
, 187 Ill. 2d 341, 358, 718 N.E.2d 191, 201 (1999) (if the parties filed opposing motions for summary judgment on the same claims and issues and the trial court denied one motion and granted the other, the appellate court may review the denial).

     III. CONCLUSION

     For the foregoing reasons, we affirm the trial court's judgment in part (No. 02-CH-0287), reverse it in part (No. 02-CH-0300), and remand this case for consideration of remedies (No. 02-CH-0300).

Affirmed in part and reversed in part; case remanded.

TURNER and STEIGMANN, JJ., concur.