Filed 10/9/08          NO. 4-08-0117

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

RUTH E. WYMAN,                            )    Appeal from
          Plaintiff-Appellant,            )    Circuit Court of
          v.                              )    Champaign County
GERALD SCHWEIGHART and THE CITY OF        )    No. 06CF367
CHAMPAIGN, Champaign County, Illinois,    )
a Municipal Corporation,                  )    Honorable
          Defendants-Appellees.           )    Charles McRae Leonhard,
                                          )    Judge Presiding.
_____

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Ruth E. Wyman, filed a complaint alleging

defendants, Mayor Gerald Schweighart and the City of Champaign,

violated the Open Meetings Act (5 ILCS 120/1 through 6 (West

2006)).  Defendants filed a motion for summary judgment that the

trial court granted.  Plaintiff appeals.  We affirm.

I. BACKGROUND

On November 22, 2006, plaintiff filed a complaint for

injunctive and other relief alleging defendants violated the Open

Meetings Act (5 ILCS 120/1 through 6 (West 2006)).  Plaintiff

claimed that on November 21, 2006, the Champaign city council

held a regularly scheduled meeting.  The published agenda for the

meeting did not include any reference to defendants' intention to

hold proceedings behind closed doors.  After the meeting of the

city council, a study session, and a meeting of the town board,

council members "and unknown staff who were not members of the

City Council went into [an] adjacent room to discuss the public's business." (Emphasis in original.)

The complaint alleged the "secret meeting" violated the Open Meetings Act in five ways: (1) while the public was excluded, noncouncil members attended the closed meeting and no motion was made to permit their attendance; (2) defendants did not publicly disclose each member's vote to convene in a closed session; (3) defendants did not properly cite a specific exception in section 2a of the Open Meetings Act as the motion simply asserted the session be entered into to discuss "land acquisition" and "litigation"; (4) defendants combined the motions on whether to enter a closed session on two separate exceptions, thereby evading requirements of a recorded vote and stating a claimed exception; and (5) defendants failed to disclose on a published or available agenda the closed session.

Defendants responded to the complaint with a motion for summary judgment, or in the alternative, motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2006)). Defendants responded (1) no provision of the Open Meetings Act states that noncouncil members are not permitted to attend closed sessions; (2) the voting procedure complied with the requirements of the Open Meetings Act as the vote of each member was publicly disclosed and duly recorded at the meeting wherein the council voted on the closed session, was televised, a

voice vote on the issue was taken, and the electronic videotape recording of the meeting shows no negative votes were given; (3) defendants publicly discussed that the subjects of the closed session were "land acquisition" and "litigation," exceptions covered respectively under section 2(c)(5) (5 ILCS 120/2(c)(5) (West 2006)) and 2(c)(11) (5 ILCS 120/2(c)(11) (West 2006)) of the Open Meetings Act; (4) the Open Meetings Act does not prohibit voting on more than one exception in one motion; and (5) the Open Meetings Act does not require the disclosing of a motion to go into closed session to be listed on the published agenda.

The affidavit of Glenda Robertson, deputy city clerk of the City of Champaign, stated that she attended the November 21, 2006, regular business meeting, study session meeting, and City of Champaign Township meeting, and all of those meetings were open to the public and televised on cable television as well as rebroadcast 18 times during the following week. At the conclusion of the study session, the city manager reminded the council of the need to go into "Executive Session" for "pending litigation" and "land acquisition" after the township meeting. Council member Gina Jackson motioned, and council member Marci Dodds seconded the motion, to go into a closed session following the township meeting to discuss "property acquisition" and "litigation." Council took a voice vote and all voted "yes." At the conclusion of the township meeting, Jackson announced that the

city council was adjourning to "Executive Session" to discuss "land acquisition" and "litigation."

Plaintiff filed a motion for partial summary judgment.

On February 6, 2008, the trial court issued a well-written and thorough memorandum of opinion and order. In it, the court granted defendants' motion for summary judgment discussing each of plaintiff's five claims. First, the court determined that plaintiff's claim that defendants permitted persons who were not members of the council to be present is not a legal requirement of the Open Meetings Act. Second, the record squarely refutes plaintiff's contention that defendants failed to publicly disclose the vote of each member as to whether council should convene in closed session. Third, the record unambiguously established that a closed session was expressly declared to discuss "pending litigation" and "land acquisition," both proper exceptions under the Open Meetings Act. Fourth, the Open Meetings Act does not require separate votes on each of two or more bases for holding a closed session. Finally, the plain text of the Open Meetings Act refutes plaintiff's claim that defendants were required to disclose on a published or available agenda the closed session.

This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred in finding

- 4 -

that defendants' conduct in going into closed session on November 21, 2006, did not violate the Open Meetings Act and in granting defendants' motion for summary judgment while denying plaintiff's motion for partial summary judgment.  Specifically, plaintiff argues the court erred in the following ways:  (1) finding the motion to go into closed session to discuss "pending litigation" was explicitly made and defendants complied with the statutory requirements; (2) ruling the Open Meetings Act does not require the individual vote of "each member" to enter into closed session; (3) holding the motion to go into closed session to discuss "land acquisition" unambiguously referred to a specific statutory exception; (4) determining the published agenda does not have to disclose that the council will enter into "closed session"; and (5) ruling the Open Meetings Act permits individuals who are not members of the "public body" to attend closed session meetings while excluding the public when no motion is made or approved to permit attendance by any identified individuals.

Section 2 of the Open Meetings Act outlines the openness policy and the exceptions that allow a public body to close a meeting to the public:

> "(a) Openness required.  All meetings of public bodies shall be open to the public unless excepted in subsection (c) and closed in accordance with Section 2a.

(b) Construction of exceptions. The exceptions contained in subsection (c) are in derogation of the requirement that public bodies meet in the open, and therefore, the exceptions are to be strictly construed, extending only to subjects clearly within their scope. The exceptions authorize but do not require the holding of a closed meeting to discuss a subject included within an enumerated exception.

(c) Exceptions. A public body may hold closed meetings to consider the following subjects:

* * *

(5) The purchase or lease of real property for the use of the public body, including meetings held for the purpose of discussing whether a particular parcel should be acquired.

(6) The setting of a price for sale or lease of property owned by the public body.

* * *

(11) Litigation, when an action against, affecting or on behalf of the particular public body has been filed and is pending before a court or administrative tribunal, or when the public body finds that an action is probable or imminent, in which case the basis for the finding shall be recorded and entered into the minutes of the closed meeting." 5 ILCS 120/2(a), (b), (c), (c)(5), (c)(6), (c)(11) (West 2006).

Section 2a of the Open Meetings Act sets forth the procedure the public body must follow to close a meeting. 5 ILCS 120/2a (West 2006). Pursuant to section 2a, to close a meeting or portion of a meeting, the public body must show that a majority vote of the quorum present, "taken at a meeting open to the public for which notice has been given as required by this Act," voted to hold the closed session. 5 ILCS 120/2a (West 2006). Section 2a requires that "[t]he vote of each member on the question of holding a meeting closed to the public and a citation to the specific exception contained in [s]ection 2 of this Act which authorizes the closing of the meeting to the public shall

be publicly disclosed at the time of the vote and shall be recorded and entered into the minutes of the meeting."  5 ILCS 120/2a (West 2006).

### A. "Pending Litigation" Exception

Plaintiff claims defendants violated the Open Meetings Act when they motioned to discuss only "litigation" without referring to the type of litigation.

Defendants argue that the trial court properly found that the city's motion to go into closed session cited exceptions that were clearly stated, unambiguous, and well within the statutory exceptions.  Defendants agree that the council member stated a "litigation" exception rather than a "pending litigation" exception when she motioned to go into closed session.  Further, defendants acknowledge this court deemed such an omission in a previous case insufficient to comply with the section 2(c)(11) requirements.  See Henry v. Anderson, 356 Ill. App. 3d 952, 957, 827 N.E.2d 522, 525 (2005) (acknowledging the public body invoked section 2(c)(11) by using the word "litigation" but finding that because the body did not clarify that the litigation was pending or imminent, the body violated the Open Meetings Act because the requisite findings regarding potential litigation had not been made).  Defendants note, though, that unlike in Henry, the trial court in this case found the record clearly showed an express declaration of the intent to go into a closed session to

discuss "pending litigation."

We agree that this case is distinguishable from <u>Henry</u>. In <u>Henry</u>, this court determined that section 2a does not require a specific citation to the statute as long as the public body adequately identifies the exception. <u>Henry</u>, 356 Ill. App. 3d at 955, 827 N.E.2d at 524. While "[a]n additional citation to the statutory subsection [may be] helpful," such citation is not required by the act. <u>Henry</u>, 356 Ill. App. 3d at 955, 827 N.E.2d at 524. We went on to determine, however, that a public body invoking the "litigation" exception did not properly cite section 2(c)(11). <u>Henry</u>, 356 Ill. App. 3d at 956, 827 N.E.2d at 525. According to our decision, the "litigation" exception as stated in section 2(c)(11) is a "forked path" for the following reason:

> "If the litigation has been filed and is pending, the public body need only announce that in the proposed closed meeting, it will discuss litigation that has been filed and is pending. If the litigation has not yet been filed, the public body must (1) find that the litigation is probable or imminent and (2) record and enter into the minutes the basis for that finding. Evidently, the legislature intended to prevent public bodies from using the distant possibility of litiga-

tion as a pretext for closing their meetings
to the public."  Henry, 356 Ill. App. 3d at
956-57, 827 N.E.2d at 525.

In Henry, the record shows that the litigation was characterized both as "potential" and as a "contested litigation matter," so it was unclear to the public whether the litigation fell under (1) the filed and pending portion of the exception or (2) the probable or imminent portion, which would have required a finding and a basis for such a finding be made record.  Henry, 356 Ill. App. 3d at 957, 827 N.E.2d at 525.

This case is distinguishable from Henry.  The record shows that during the open portion of the meeting and before the motion to go into closed session was made, the city manager issued a reminder that there had been a request for a closed meeting to discuss "land acquisition and pending litigation." Unlike in Henry, no other statements could have confused the public as to type of litigation that was going to be discussed. Henry acknowledged that "[i]f litigation has been filed and is pending, the public body need only announce that in the proposed closed meeting, it will discuss litigation that has been filed and is pending."  Henry, 356 Ill. App. 3d at 956, 827 N.E.2d at 525.  In this case, the public body announced the litigation was pending, and the council member's failure to reiterate that fact when she made the motion does not constitute a violation of the

- 10 -

Open Meetings Act.

B. "Vote Of Each Member" Requirement

Plaintiff claims that the reference to the vote of "each member" in section 2a requires that the vote of each member be recorded individually and that a voice vote fails to comply. (Emphasis added.) 5 ILCS 120/2a (West 2006). Defendant argues that the trial court was correct in finding that the vote of each council member was publicly disclosed.

The affidavit of the city clerk indicates that a voice vote was taken, she recorded the vote, the vote was taken during the open meeting, and all members voted affirmatively. The video recording of the meeting corroborates the city clerk's affidavit. The trial court determined that the record "establishes with certainty that every member of the council voted on the record in favor" of the motion to go into closed session and that the Open Meetings Act "required no more of defendants." Under the plain language of the statute, "[t]he vote of each member *** shall be publicly disclosed at the time of the vote and shall be recorded." 5 ILCS 120/2a (West 20006). The statute does not require that each member's vote be taken individually and recorded individually. As long as the public is informed of each member's vote, the requirement of the statute is met. In this case, each member voted yes during a voice vote and that fact was recorded.

- 11 -

C. Property Acquisition Exception

Plaintiff claims that the "property acquisition" reference did not cite a particular exception, and it was ambiguous as to whether the council would be discussing (1) whether to sell or lease its own property (see 5 ILCS 120/2(c)(6) (West 2006)), (2) whether to acquire property for the public body's own use (see 5 ILCS 120/2(c)(5) (West 2006)), or (3) whether to acquire land for use by a third party (not an exception).

Defendant argues that the trial court did not err in finding that the city council cited section 2(c)(5) as only that section applies to acquiring land, and the council stated it would be discussing "land acquisition." As discussed above, generally calling attention to an exception is sufficient to meet the requirement that the public body cite the "specific exception contained in [s]ection 2 of [the] Act which authorizes the closing of the meeting to the public." 5 ILCS 120/2a (West 2006); see McKee v. Board of Trustees of the Champaign Police Pension Fund, 367 Ill. App. 3d 538, 547, 855 N.E.2d 571, 578 (2006) ("[i]t would have been better if the Board had explicitly referred to this specific subsection, but generally calling attention to the exception was sufficient").

As only one of the exceptions specifically deals with acquiring land through purchase or lease, we agree that the council unambiguously invoked section 2(c)(5) (5 ILCS

- 12 -

120/2(c)(5)(West 2006)).  The section 2(c)(6) exception is limited to the sale or lease of property already owned by the municipality, making it unlikely the public would confuse a reference to land acquisition as invoking this section.

### D. Publication Requirement

Plaintiff argues the trial court erred in ruling that the published agenda for the regular open meeting does not have to disclose that the council will enter into closed session or disclose the exception under section 2(c).  Section 2a states as follows:

> "At any open meeting of a public body for which proper notice under this Act has been given, the body may, without additional notice under [s]ection 2.02, hold a closed meeting in accordance with this Act.  Only topics specified in the vote to close under this [s]ection may be considered during the closed meeting."  5 ILCS 120/2a (West 2006).

Plaintiff does not argue that the council failed to give proper notice for the open meeting.  The plain language of section 2a allows a public body to decide during a properly noticed open meeting to go into closed session without any additional notice. Defendants did not, therefore, need to put in the published agenda for the open meeting its intention to go into a closed

- 13 -

meeting or the topics to be discussed in the closed meeting.

E. Nonmember Attendance At Closed Session

Finally, plaintiff argues the trial court erred in stating the following:

"The Open Meetings Act is both textually and implicitly silent on the matter of whether persons other than members of a public body may be present at a meeting properly closed under the Act. The Act is thus also silent on the question of whether such presence must be made the subject of a motion disposed of in open session."

According to plaintiff, the Act states that a "public body" may hold closed meetings (5 ILCS 120/2(c) (West 2006)), and "'[p]ublic body' includes all legislative, executive, administrative[,] or advisory bodies of the State, counties, townships, cities, villages, incorporated towns, school districts[,] and all other municipal corporations, boards, bureaus, committees[,] or commissions of this State, and any subsidiary bodies of any of the foregoing" (5 ILCS 120/1.02 (West 2006)). Plaintiff argues this should ban anyone not a member of the public body from attending the closed meeting.

Defendants counter that no statute or court decision dictates who is permitted to attend a closed session and staff

- 14 -

members of a public body are permitted to attend such sessions as they are necessary to assist council. Defendants argue that a public body cannot conduct its business in isolation and needs staff to record the proceedings and assist the council with discussion on the different subjects. For example, to discuss pending litigation, the council would need to confer with the city attorney. The council could not come to a decision if non-members were excluded and council had no one to describe the circumstances or status of the litigation or answer its questions.

The trial court concluded that because the Act was silent on who could attend closed meetings, it was prohibited from adopting plaintiff's position and elevating it to a provision of law. The court stated the following:

> "Plaintiff's claim is thus better directed
> to the General Assembly or to the City of
> Champaign itself in an extralegal forum. In
> the former case, the General Assembly is free
> to amend the Act; in the latter, the City of
> Champaign is free to interpret the Act as
> plaintiff suggests as a matter of policy
> and attendant discretion. In no event can
> this or any trial court so order. This court
> has no authority to rewrite the statute

according to plaintiff's view of what the law might or should be.  The court further lacks the authority to dictate how the City of Champaign construes the Act where, as here, the construction it has chosen is neither clearly erroneous nor contrary to that of an Illinois court of review."

We agree with the trial court.  Because the Open Meetings Act neither delineates who is allowed to attend closed session nor specifically prohibits a public body from inviting nonmembers into the closed session, we cannot find defendants violated the Act when they allowed nonmembers into the closed session.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.

- 16 -